## TURNER v. CROWDER.

No. 19191. Opinion Filed Nov. 27, 1928.

Rehearing Denied Jan. 5, 1929.

R. W. Stoutz, for plaintiff in error.

W. Otis Ridings, Norman E. Reynolds, and Paul C. Williams, for defendant in error.

HEFNER, J. W. H. Crowder, defendant in error, as plaintiff, brought this suit against Fred E. Turner, plaintiff in error, as defendant, on a promissory note made by William Neff and the defendant Turner for $3,000 in favor of the Commercial National Bank of Muskogee. The note was indorsed without recourse by the bank in favor of the plaintiff, Crowder.

The defendant, Turner, admitted he was a joint maker with William Neff in favor of the bank. In his answer he alleged that Neff was the principal debtor and that he was a surety for Neff and the note was purchased with funds furnished by Neff, who was to receive the amount collected if Crowder

should obtain judgment against the defendant; and that Crowder was not the real party in interest and was not entitled to maintain the action. The cause was tried to a jury, and a verdict was returned by it as follows:

"We, the jury in the above entitled action, duly empaneled and sworn, upon our oaths, find the issues in favor of the defendant for the reason and on the ground that the plaintiff, W. H. Crowder, is not the real owner of the note in controversy and therefore without right to maintain this action as not being the real party in interest."

The plaintiff filed a motion for a new trial on several grounds, and in addition thereto, because of errors of law committed by the trial court in refusing to give instructions requested by the plaintiff and duly excepted to at the time. All of the grounds were overruled by the trial court except with reference to the refusal to give one certain instruction requested by the plaintiff. As to this matter, the court sustained the motion for a new trial, and in its order granting a new trial this language appears:

"And the court being advised upon the motion and the record of this cause, is of the opinion that he committed error in refusing to give, in substance at least, the following instruction to the jury which was requested by the plaintiff at the time of the trial herein, to wit: 'You are instructed as a matter of law that the holder of a negotiable instrument may sue thereon in his own name, and that it constitutes no defense to the maker that the holder is not the owner of the note nor the real party in interest unless the maker is deprived of some equitable defense which he may have against the payee,' and which instruction was sufficiently broad to suggest the question to the court and to require him to instruct the jury to the effect that even though they should find that W. H. Crowder was not the owner of the note sued upon but that the same was the property of William Neff, still it would be their duty to find in favor of the plaintiff unless they further found that the defendant had a good defense thereto as against said William Neff, and the court is further of the opinion that such failure on his part to so instruct the jury was and is prejudicial and reversible error if he should overrule plaintiff's motion for a new trial herein. * * *

"The record is further made to show by this order and judgment that the plaintiff is granted a new trial, not as a matter of discretion. but as a pure and unmixed question of law and for the sole error in refusing to give to the jury said one instruction as above indicated, and on no other ground."

The defendant assigns as error the ac-

tion of the trial court in granting the new trial because of its failure to give the instruction requested. In other words, he contends that no such instruction should be given.

The facts disclose that the controversy arose over the financing of the Muskogee Daily News, which was organized in June, 1924. In June, 1925, a bonded indebtedness of $60,000 was authorized; the bonds to be first liens upon all of its property. There was a mortgage against the typesetting machines which could be satisfied by returning two machines and paying $15,000 in cash. The bonds could not be issued until the liens against the property were paid.

The defendant, Turner, was the treasurer of the newspaper. Turner, Neff, and three other directors in 1925 agreed they would raise $15,000, which would satisfy the principal lien against the property. This money was borrowed from the Commercial National Bank, and the directors executed the note. It was not expected it would be necessary for the directors to personally pay the note, but it was expected the bonds would be sold and the first proceeds of the sale used in satisfying the note. As between themselves, it was agreed that if it became necessary for them to pay the note, each of the five would be liable for one-fifth thereof, and if the defendant Turner had to pay the note, each would reimburse him for one-fifth. The four directors, other than Neff, each paid his one-fifth part of the $15,000, and the $3,000 note in controversy, as we understand the evidence, is the one-fifth portion of the $15,000 chargeable to Neff.

Turner contends that Neff owes the entire amount of the $3,000 note. It was the contention of Neff that as between the parties, it was agreed the note should be taken care of by sale of bonds in Turner's hands; that sales had been made and not applied upon the note, that the bonds taken by Turner himself should be regarded as sold to Turner; and the fact the note had not been paid in full was wholly the fault of Turner. so, as between Neff and Turner, it was the duty of Turner to pay the note.

The trial court instructed the jury that it should find for the defendant if Neff, instead of Crowder, was the beneficial and actual owner of the note and the real party in interest. The plaintiff requested the following instruction:

"You are instructed as a matter of law that the holder of a negotiable instrument may sue thereon in his own name. and that it constitutes no defense to the maker that the holder is not the owner of the note nor the real party in interest unless the maker is deprived of some equitable defense which he may have against the payee."

This requested instruction was refused by the court. On hearing the motion for a new trial, the court became convinced it committed error in holding Crowder could not recover if he was not the real owner of the note and sustained the motion to grant a new trial. Its ruling should be affirmed if the same was correct regardless of whether or not it assigned the correct reason for the ruling.

In the case of James v. Coleman, 64 Okla. 99, 166 Pac. 210, it is said:

"The trial court could not, by stating in its order that a new trial should be granted for one reason and denied upon others, deprive a party of the right to review the entire record, where an order sustaining a motion for new trial is appealed from, nor thus limit the jurisdiction of this court upon such appeal to a consideration of the reasons stated. Upon an appeal from such an order, the court will review the entire record, and if the order was properly made, even though a wrong reason was given therefor, the same will be sustained."

The court instructed the jury that every action must be prosecuted in the name of the real party in interest. Ordinarily this is true, but there is an exception to this rule in the case of an action brought by the holder of a negotiable instrument. Section 7721, C. O. S. 1921, is as follows:

"The holder of a negotiable instrument may sue thereon in his own name, and payment to him, in due course, discharges the instrument."

This is a suit on a negotiable promissory note, and was brought by the holder thereof, and the statute above quoted is applicable thereto.

In the case of Stocker v. Dobyns-Lantz Hardware Co., 101 Okla. 133, 224 Pac. 302, this court said:

"The payee of a negotiable promissory note, in possession thereof, may maintain an action thereon in his own name although another may be the beneficial owner thereof, and the title or interest of the holder of the note or his right to maintain an action thereon cannot be disputed or inquired into by the maker of the note unless necessary for the purpose of defense and unless a meritorious defense is presented."

Again, in the case of McNary v. Farmers National Bank, 33 Okla. 1, 124 Pac. 286, this court announced the rule as follows:

"Whether the plaintiff sued for himself, or as trustee for the payee, constituted no defense for the maker, unless he was thereby deprived of some equitable defense which he may have had as against the payee."

Under the facts in this case, the plaintiff had a right to maintain the action although some one else was the beneficial owner of the note.

The defendant contends Neff furnished the money with which to purchase the note and was the beneficial owner thereof, and, being the maker of the note, when he purchased the same it was a satisfaction of the note.

Section 7789, C. O. S. 1921, provides a negotiable instrument is discharged: "First, by payment in due course by or on behalf of the principal debtor. * * * Fifth, when the principal debtor becomes the holder of the instrument at or after maturity in his own right." The defendant contends that Neff furnished the money by which the note was purchased and that he is the real owner thereof, and that he was the principal obligor on the note, and that the defendant was a surety thereon; and because of these facts, the statute above is applicable and the note was satisfied when it was purchased by Neff.

If Neff was in fact the owner of the note and was in fact the principal debtor thereon, then, under the above statute, the note would be discharged and no suit could be maintained thereon by either Neff or Crowder.

The evidence clearly sustains the defendant in his contention that Neff is the principal obligor on the note and that the defendant is only a surety thereon. There were five directors and $15,000 was borrowed from the bank. In reference to the liability thereon, Mr. Neff was asked this question: "Mr. Neff, what was the understanding with reference to the liability upon this note between yourselves as to the extent of the liability?" His answer thereto was as follows: "Between ourselves, each one was to be liable for a fifth of the note. That is the way we agreed upon."

The $3,000 note sued upon is Neff's proportional part of the $15,000 note, and his own testimony admits that each of the five directors was to be liable for one-fifth of the note. This also was testified to by other directors.

The court, in part, instructed the jury as follows:

"You are instructed that the sole question in this case is whether or not the plaintiff, W. H. Crowder, is the actual and true owner of the note in controversy in this action. * * *

"You are further told that it is provided by the statute laws of this state as follows: 'Every action must be prosecuted in the name of the real party in interest.'

"And now, taking into consideration all the evidence herein, if you shall find by the fair preponderance of the evidence that the plaintiff, Crowder, is not the true and real owner of the note sued on, but that same is in truth and in fact the property of William Neff, then your verdict should be for the defendant."

Had the jury found that Neff was the owner of the note, then the note would thereby be discharged as a matter of law. But the jury did not so find. All it found was that Crowder was not the owner of the note. We think the evidence is sufficient to sustain the finding of the jury that the plaintiff was not the owner of the note, but, since the jury did not find that Neff was the owner thereof, we cannot hold as a matter of law that the note was discharged.

The court instructed the jury that the sole question was whether or not the plaintiff was the actual and true owner of the note, and if he was not, he could not maintain the action. This being a suit on a negotiable promissory note, it comes within the statute hereinbefore quoted, and the suit could be maintained by the plaintiff although he was not the actual owner of the note.

We do not deem it necessary to pass upon the other issues raised in this appeal, but we think, under all the circumstances of this case, the judgment of the trial court in granting a new trial should be, and it is hereby, affirmed.

MASON, V. C. J., and HARRISON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

HUNT, J., dissents.