BROWNE et al. v. BASSETT.

No. 30227. May 19, 1942.

Rehearing Denied June 16, 1942.

*126 P. 2d 705.*

Pierce & Rucker and A. M. Covington, all of Tulsa, for plaintiffs in error.

Doerner, Rinehart & Stuart and Jack Langford, all of Tulsa, for defendant in error.

PER CURIAM. This action was instituted by O. L. Bassett, hereinafter referred to as plaintiff, against James M. Browne, sole trader D/B as Browne Motor Company, and Maryland Casualty Company, his insurance carrier, hereinafter referred to as defendants, to recover damages for personal injuries sustained as the result of the collision between an autmobile and a wrecker.

Plaintiff in his amended petition alleged that he was injured on May 22, 1937, when an automobile in which he was riding as a guest and which was being driven by the son of the plaintiff struck the rear end of a wrecker which belonged to Browne Motor Company and was being operated by an employee of said company; that said Browne Motor Company was engaged in a business which required it to carry liability insurance, and that the Maryland Casualty Company was the carrier of such insurance; that the collision between the automobile and the wrecker occurred at night on U. S. Highway No. 66 near Tulsa, Okla., and as the result of the failure of the operator of defendant's wrecker to properly park said wrecker off the highway and to place warning lights and signals so as to advise oncoming motorists of the danger and hazard created by the presence of said wrecker on the highway. Plaintiff further alleged that he had sustained personal injuries which had resulted in permanent disabilities and for which he prayed judgment in the sum of $5,-000 against both defendants. The answer of Browne Motor Company consisted of a general and specific denial and a plea of contributory negligence and the allegation that insofar as the defendant was concerned the accident was an unavoidable one. The defendant Maryland Casualty Company adopted its codefendant's answer as its own. Upon the issues so framed, trial was had to a jury. The evidence was in conflict in all material respects save the occurrence of the accident at about the time and place alleged by the plaintiff except that plaintiff's evidence tended to support the proposition that the wrecker was parked over a little hill, and was therefore out of sight, while that of the defendants tended to support the proposition that the wrecker was proceeding near the crown of the hill when the accident occurred. The evidence was of such a nature, however, that the jury could have properly inferred therefrom that both vehicles were proceeding properly and in the exercise of due care, and that the collision between them occurred without negligence on the part of the driver of either. Demurrers to the evidence and motion for directed verdict were overruled and denied, and the court thereupon proceeded to instruct the jury fully and completely upon all of the issues involved and included therein an instruction upon unavoidable accident. The jury returned a unanimous verdict in favor of defendants. Motion for new trial was filed, heard, and taken under advisement by the court and sustained, the court assigning as his reasons for so doing that he had erred on a pure and unmixed question of law when he gave an instruction on unavoidable accident.

The defendants urge that the instruction on unavoidable accident was properly given, and that therefore when the court granted a new trial on the sole ground of error in giving the instruction, this constituted error as a pure and unmixed question of law in granting the new trial.

The plaintiff urges that the answer of defendants did not sufficiently plead unavoidable accident, and that the evidence did not justify the instruction which the court gave. We agree with contention of the defendants. In the case of Hartman v. Dunn, 186 Okla. 9, 95 P. 2d 897, where plea of unavoidable accident almost identical with that made by the defendants in the case at bar was involved, this court said:

"The defendant pleaded an unavoidable accident as a defense. The evidence showed that when he steered his car to the right the car swerved in the loose gravel, got out of control, and the accident resulted.

"Plaintiff cites and relies upon Wilson v. Roach, 101 Okla. 30, 222 P. 1000, in which case paragraph 1 of the syllabus states:

" 'An unavoidable accident is a casualty which occurs without negligence of either party, and when all means which common prudence suggests have been used to prevent it.'

"It was not within the province of the trial court's duties to determine, as a matter of law, whether this accident was unavoidable. Under the evidence the matter was properly submitted to the jury, and we find no error in the instruction given."

It follows from what has been said in the above case that the instruction given by the trial court was a proper one and involved no error.

As was said in the case of Shreve v. Cornell, 182 Okla. 193, 77 P. 2d 1:

"It is the duty of the trial court upon request of a litigant to state its reasons for sustaining a motion for new trial, and on appeal from an order granting a new trial, this court will confine its review to the reasons so assigned by the court."

In the case at bar the trial court properly assigned its reasons for granting a new trial. The reasons assigned are clearly erroneous as a matter of law. In such case there is no element of discretion involved, and the action of the trial court is to be reviewed solely as a matter of law. The court having erred on a pure and unmixed question of law in granting the new trial, it becomes the duty of this court to reverse the order. See Russell v. Margo, 180 Okla. 24, 67 P. 2d 22; Alexander v. Beaver, 174 Okla. 123, 50 P. 2d 392; Thompson v. Martin, 138 Okla. 138, 280 P. 589.

The order granting a new trial is reversed and the cause remanded, with directions to enter judgment upon the verdict of the jury in favor of the defendants.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and OSBORN and ARNOLD, JJ., absent.