COOKE et al. v. SINOPOULO.

No. 31426. Sept. 19, 1944.

*151 P. 2d 791.*

Everest, McKenzie & Gibbens and Blakeney & Blakeney, all of Oklahoma City, for plaintiffs in error.

Halley, Douglass, Felix & Douglass, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal by the executor and the administrator, respectively, of the estates of Charles B. Cooke and Alfred G. Smith, deceased, from an order which sustained a motion therefor and granted a new trial.

The testate and intestate, respectively, of the plaintiffs in error, by cross-petition in an action instituted by Leo J. Portman against H. R. Hollenback et al., sought to recover from John Sinopoulo an interest which had been assigned to them by Hollenback in a contract which has been executed by Sinopoulo to Hollenback, whereby the former agreed to pay the latter the sum of $15,000 upon the completion of an oil and/or gas well upon certain described premises. Plea of Sinopoulo was failure of consideration. Reply pleaded estoppel by conduct. Trial was had to the court without the intervention of a jury and judgment in favor of testate and intestate of plaintiffs in error was duly entered. On hearing of

motion for new trial, the court, convinced that it had erred in rendering the judgment which it had theretofore rendered, proceeded to vacate the same and granted a new trial. The court assigned as reasons for its action the following:

"The court sustains and grants said motion for a new trial of the defendant, John Sinopoulo, upon the following legal grounds:

"That time was the essence of the contract between H. R. Hollenback and John Sinopoulo under date of February 10, 1938, which provided for purchase of an oil payment of $50,000.00 payable out of the ¼th of ⅞th working interest in this lease; that the parties so regarded it inasmuch as when the time expired on June 10th an extension was sought and granted until July 10th and according to the verbage of the contract and the nature of the subject matter there is no question in my mind that time was the essence of this contract and it should be so construed.

"I am of the opinion, however, that defendant, Sinopoulo, has waived any right to rely upon the expiration of time in order to escape liability under this contract; because, although this contract expired July 10, 1938, Sinopoulo rode the proposition until about September 1, 1938, when for the first time he let it be known that he had a doubt as to whether he would fulfill his contract; testimony of the witnesses, Harold Wescott and Alfred G. Smith, and the conduct of John H. Halley, attorney for defendant, Sinopoulo, in writing the letter on September 8, 1938, indicates to my mind that it was between September 1st and the 8th or 9th of September before Sinopoulo made up his mind what he intended to do; that prior to that time it was generally assumed by everybody that Sinopoulo would fulfill his contract and the court doubts if any controversy was raised by anyone until then; that Cooke and Smith would not have employed Mr. Halley, who then represented Mr. Sinopoulo, nor would Mr. Halley have accepted employment had there been any controversy or suspicion that Mr. Sinopoulo did not intend to comply with his contract; that, when Sinopoulo raised a doubt as to willingness to comply with this contract, Mr. Halley ascertained this for the first time and immediately wrote Cooke and Smith and withdrew as their attorney; the court, therefore, holds Mr. Sinopoulo waived the time proposition and cannot escape his contract because the well was not finished within the time specified therein.

"The court is of the opinion that Mr. Sinopoulo cannot be held upon this contract for the reason there was no consideration granted or given to him to support the waiver and the court thinks that is absolutely necessary.

"The court further is of the opinion that, because Mr. Hollenback had put himself in position, when this well was brought in, so that he could not comply with nor fulfill the terms of his contract with Sinopoulo, the same constitutes an absolute defense to the rights of Cooke, and Smith and of G. E. Massey to recover upon said Sinopoulo contract."

The plaintiffs in error invoke the rule that where reasons for granting a new trial are assigned this court will confine its review thereto, and where an examination of the record is necessary to ascertain whether the reasons assigned constitute an abuse of discretion, an exercise of arbitrary power or error as to some simple and unmixed question of law, this court will make the necessary examination of the record. Plaintiffs in error then proceed to urge that the reasons assigned by the court and quoted, supra, are erroneous as a matter of law since time was not of the essence of the contract between Hollenback and Sinopoulo, and that if it was, Sinopoulo waived the same and that this waiver did not require any consideration as the trial court held was necessary. Plaintiffs in error further contend that the finding of the trial court that Hollenback could not have maintained an action on the contract and therefore his assignee could not do so is erroneous for the reason that Sinopoulo estopped himself by his conduct in not disavowing the contract until after the well had been completed

354

by the receiver appointed by the court in the case of Portman v. Hollenback.

The issue which we are here called upon to determine is whether the order sustaining the motion therefor and granting a new trial constituted an abuse of discretion, an exercise of arbitrary power or error as to a simple and unmixed question of law.

This court is committed to the rule that where a motion for new trial has been sustained, every presumption will be indulged in support of the ruling of the trial court, and that unless it be clearly shown that the order constitutes an abuse of discretion, an exercise of arbitrary power or error in respect to some simple and unmixed question of law, the order will not be disturbed. Thompson v. Norwood, 189 Okla. 360, 117 P. 2d 791; Gripe v. Grieves, 188 Okla. 565, 111 P. 2d 818; Carpenter v. Buellesfeld, 187 Okla. 213, 102 P. 2d 119; Oklahoma City-Ada-Atoka R. Co. v. Swink, 186 Okla. 292, 97 P. 2d 72; Alexander v. Alexander, 179 Okla. 614, 67 P. 2d 33. The court is further committed to the rule that where the reasons for sustaining a motion for new trial are assigned by the court review will be confined to the reasons so assigned. Browne v. Bassett, 191 Okla. 22, 126 P. 2d 705; Shreve v. Cornell, 182 Okla. 193, 77 P. 2d 1. In the latter case, if the reasons assigned require an examination of the record to ascertain whether the granting of the motion for new trial amounts to an abuse of discretion, an exercise of arbitrary power or error as to some simple and unmixed question of law, this court will examine the record, and if it reveals such condition, will reverse the trial court. See Russell v. Margo, 180 Okla. 24, 67 P. 2d 22; Federal Surety Co. v. Little, 156 Okla. 75, 9 P. 2d 447.

An examination of the record in the case at bar, in the light of the rule announced in the above-cited cases, fails to disclose that the reasons assigned by the trial court in granting a new trial were either an abuse of discretion, an arbitrary action or error as to some

simple and unmixed question of law. The record discloses that the contract between Sinopoulo and Hollenback provided for the completion of a well within 120 days from its date, and that subsequently Sinopoulo by written agreement extended the time 30 days. The record further shows that Hollenback did not complete the well either within the original or the extended time, but that the well was completed by a receiver appointed by the court in the action instituted by Portman v. Hollenback, supra, and that Sinopoulo by no act or deed caused the testate and intestate of plaintiffs in error to alter their positions for the worse after the assignment by Hollenback to them of an interest in the contract which he had made with Sinopoulo. Irrespective of whether time was of the essence of the contract or whether the subsequent waiver thereof by Sinopoulo required a new consideration, which it is not necessary here to decide, the evidence clearly discloses that Hollenback did not complete his contract at any time and therefore in an action brought by him under the contract the defense of failure of consideration would have been available to Sinopoulo. The action by testate and intestate of plaintiffs in error and under their assignment from Hollenback rendered their claim subject to the same defenses. 12 O. S. 1941 § 222; Jack v. National Bank of Wichita, 17 Okla. 430, 89 P. 219; 4 Am. Jur. page 233, §5; Restatement Law of Contracts, § 161.

The fact that Sinopoulo interposed no objection to the completion of the well by the receiver appointed by the court did operate as an estoppel by conduct insofar as the assignees under the Hollenback contract were concerned. See Hughes v. Sparks, 98 Okla. 208, 224 P. 957.

It is patent that had the trial court denied the recovery in the first instance and an appeal had been perfected here, it would have been necessary for the plaintiffs in error to have shown reversible error by the trial court in order to have prevailed in this court.

The converse applies to the situation here presented. It is necessary for the plaintiffs in error to clearly show that the granting of a new trial was erroneous as a matter of law. This they have failed to do. Under these circumstances this court will not disturb the order of the trial court. Affirmed.

CORN, C. J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur.