Marinell PARKER and Ann Parker, Plaintiffs in Error,

v.

Alma WASHINGTON, Defendant in Error.

No. 40714.

Supreme Court of Oklahoma.

Dec. 27, 1966.

Phillips & Moore, John Allen Phillips, II, Durant, for plaintiffs in error.

Paul & Montgomery, Connor O. Montgomery, Durant, for defendant in error.

JACKSON, Vice Chief Justice.

This action was brought by plaintiff, Alma Washington, against Ann Parker and her mother, Marinell Parker, as defendants. The record discloses that Mrs. Washington was injured when an automobile driven by Ann Parker and owned by her mother crashed into and partially through the wall of the living room of the Washington home.

Mrs. Washington alleged in her petition that Ann was negligent in failing to keep the vehicle under proper control and in driving at a dangerous and excessive rate of speed. She alleged that Ann's mother, Marinell Parker, was negligent in permitting Ann to drive the vehicle for the reason it was well known that Ann was an inexperienced, incapable and reckless driver.

The answer of the defendants consisted of a general denial and a plea of unavoidable accident.

After the plaintiff had presented her evidence and rested, and had failed to produce any evidence that Ann's mother, Marinell Parker, knew or should have known that Ann was a reckless driver, the trial court sustained Marinell Parker's demurrer to the evidence and dismissed the action as to her. The case then proceeded against Ann Parker as the sole defendant. The defendant, Ann Parker, presented evidence in support of her plea of unavoidable accident.

The jury returned a verdict in favor of the defendant, Ann Parker. Thereafter the plaintiff, Alma Washington, filed motion for new trial upon statutory grounds and subsequently filed a "supplemental motion for new trial" based upon newly discovered evidence. The trial court appears to have been of the view that plaintiff was entitled to a new trial based upon newly discovered evidence and ordered a new trial as against both defendants, Ann and Marinell Parker. The defendants have appealed and the issue for our determination is whether the trial court erred in granting a new trial as to one or both of the defendants.

In the order sustaining Mrs. Washington's motion the trial court found and held in part:

"Now on this 6th day of May, 1963, comes on for disposition the Motion for New Trial and it is the finding of the Court that the rights of the plaintiff have been substantially prejudiced by the testimony of the defendant Ann Parker to the effect that she had not been previously involved in an accident and that therefore said Motion for New Trial should be granted.

"It is therefore ordered and adjudged that the Motion of the plaintiff for a new Trial be and it is hereby sustained and the verdict of the jury be set aside * *."

The plaintiff, Mrs. Washington, in argument to sustain the order granting her a new trial, points out in her brief that no request was made by either party that the trial court set forth the reasons for sustaining the motion for new trial and concludes that this court is free to sustain the motion on any one of the other eight grounds raised in motion for new trial.

Plaintiff undoubtedly has in mind, and is trying to avoid, our decisions in Shreve v. Cornell, 182 Okl. 193, 77 P.2d 1; Little v. Lovett, 193 Okl. 157, 141 P.2d 794; Browne v. Bassett, 191 Okl. 22, 126 P.2d 705; and McGlone v. Landreth, 200 Okl. 425, 195 P.2d 268, wherein we held:

"It is the duty of the trial court upon request of a litigant to state its reasons for sustaining a motion for new trial, and on appeal from an order granting a new trial this court will confine its review to the reasons so assigned by the court."

In Cooke v. Sinopoulo, 194 Okl. 352, 151 P.2d 791, we held:

"Where a new trial is granted for specific reasons, assigned in the order, review by this court will be confined to the reasons assigned."

In the instant case plaintiff assigned eight grounds for new trial in her original motion and supplemented these by motion for new trial based upon newly discovered evidence. The trial court granted a new trial for specific reason assigned in the order: "(T)hat the rights of the plaintiff have been substantially prejudiced by the testimony of defendant Ann Parker to the effect that she had not been previously involved in an accident and that therefore said Motion for New Trial should be granted." Thus, under the rule as expressed in the syllabus in Cooke v. Sinopoulo, supra, it is unimportant whether one of the parties requested the court to state its reasons. And, if the specific reasons assigned in the order are in error, as we find in this case, then she is denied a review, and indeed an appeal, on other substantial grounds asserted during the trial and preserved in motion for new trial.

The rule that this court will confine its review to the reasons assigned by the trial court was apparently announced for the first time in the Supplemental Opinion on Rehearing in Alexander v. Alexander, 179 Okl. 614, 67 P.2d 33, in the following manner:

"It is the duty of the trial court upon request of a litigant to state its reasons for sustaining a motion for new trial. See Magnolia Pet. Co. v. McDonald, 168 Okl. 255, 32 P.(2d) 909; A. & A. Taxicab Co. v. McCain, 179 Okl. 492, 66 P.(2d) 17. On appeal from an order granting a new trial this court will confine its review to the reasons so assigned by the trial court."

The conclusion that this court will confine its review to the reasons assigned by the trial court is not supported by citations of authority.

In the body of the opinion in A. & A. Taxicab Co. v. McCain, supra, we said:

"In the instant case the record is silent as to the court's reasons for granting a new trial, and it is not required to indicate its reasons unless requested in due time so to do. Magnolia Petroleum Co. v. McDonald, 168 Okl. 255, 32 P.2d 909. In such case we will confine our review of the order to a consideration of the particular ground or grounds for sustaining the motion as set out in connection with the assignments of error, unless the defendant in error points to other grounds upon which the court may have sustained the motion and granted a new trial."

In an earlier case, Turner v. Crowder, 134 Okl. 215, 273 P. 349, this court held:

"The trial court cannot, by stating in its order that a new trial should be granted for one reason and denied upon others, deprive a party of the right to review the entire record, where an order sustaining a motion for new trial is appealed from, nor thus limit the jurisdiction of this court upon appeal to a consideration of the reason stated. Upon an appeal from such an order, this court will review the entire record, and, if the order was properly made, even though a wrong reason was given therefor, the same will be sustained. (James v. Coleman, 64 Okl. 99, 166 P. 210)."

■ The duty imposed upon this court, as expressed in the Turner case, is the one that must necessarily be followed by this court. As said in Canon 2, Canons of Judicial Ethics, 5 O.S.1961, Ch. 1, App. 4, "Courts exist to promote justice, and thus to serve the public interest." It is the better practice for a judge to indicate his views whether requested or not. Canon 19, Canons of Judicial Ethics, supra.

■ We have concluded that the above cited cases, and others, which hold that this court will confine its review to the specific reasons assigned by the trial court in granting a new trial must be, and accordingly are, overruled and will not be applied where the record discloses that a great injustice would result.

■ After Marinell Parker had been discharged from this case upon demurrer to plaintiff's evidence, the defendant Ann Parker was called to testify in her own behalf. On cross-examination she testified that she had never been involved in any prior accident, when (according to the "newly discovered evidence" produced at the hearing on motion for new trial) she had been involved in an accident approximately eighteen months prior to the one in question. This line of cross-examination was objected to by defendant but overruled because Ann had already answered the question. Since the prior removal of Marinell Parker from the case had also removed the issue of whether Ann was a reckless, incompetent and careless driver, the question and answer were improper. McCarley v. Durham, Okl., 266 P.2d 629; 20 Am.Jur. Evidence, Sec. 302; 61 C.J.S. Motor Vehicles § 515. In this case the plaintiff invited this alleged prejudice by her improper cross-examination.

■ This case may not be reversed upon the ground of newly discovered evidence. The record, and evidence in support of motion for new trial, do not disclose that any effort was made prior to the trial to find evidence to prove that it was well known that Ann was an inexperienced, incapable and reckless driver. The only justification for bringing Marinell Parker into this case was the allegation that Marinell Parker knew her daughter, Ann, to be an inexperienced, incapable and reckless driver. In Magnolia Petroleum Co. v. McDonald, 168 Okl. 255, 32 P.2d 909, supra, we held:

"Before a new trial should be granted on the ground of newly discovered evidence, due diligence prior to the trial in respect to such evidence must be shown; and to this end it is not sufficient for the

moving party to merely allege that he used due diligence, but he must show the facts, so that the court can see whether there was due diligence."

From the foregoing it follows that the order granting plaintiff a new trial as to Marinell Parker must be reversed.

The facts constituting the defense of unavoidable accident, as disclosed by evidence, were that Ann Parker had an epileptic seizure immediately preceding the accident. That she had an epileptic seizure, or a blackout or fainting spell, immediately preceding the accident is not disputed. One of her witnesses testified in cross-examination that Ann "faints", and that she had seen Ann faint on two former occasions at school.

■ In 8 Am.Jur.2d, Automobiles and Highway Traffic § 693, it is said that sudden unconsciousness from an unforeseen cause constitutes a defense if the loss of consciousness was not foreseeable. Therein it is further said:

"If the operator of a motor vehicle knows that he is subject to attacks in the course of which he is likely to lose consciousness, such a loss of consciousness does not constitute a defense in an action brought by a person injured as a result of the operator's conduct. This is so even though he does not know the nature of his affliction which causes him to so lose consciousness."

In Annotation, 28 A.L.R.2d at page 35, it is said:

"By the great weight of authority, an operator of a motor vehicle who, while driving, becomes suddenly stricken by a fainting spell or loses consciousness from an unforeseen cause, and is unable to control the vehicle, is not chargeable with negligence or gross negligence. Stated differently, fainting or momentary loss of consciousness while driving is a complete defense to an action based on negligence if such loss of consciousness was not foreseeable."

■ The evidence in this case does not disclose that the momentary loss of consciousness was not foreseeable. As we understand the legal requirements in such a defense (unavoidable accident by reason of sudden unconsciousness) the defendant must prove the sudden unconsciousness and that the attack was not foreseeable.

At the conclusion of all the evidence in this case plaintiff requested the court to instruct the jury to return a verdict in her favor against Ann Parker for the reason that it had not been conclusively shown that the accident was caused by any non-negligent or excusable cause. After the verdict had been returned plaintiff moved for judgment against Ann Parker notwithstanding the verdict. In Motion for New Trial plaintiff asserted one ground which we believe to be decisive. (1) The verdict is not sustained by sufficient evidence, and is contrary to law.

■ In this case it is recognized that plaintiff had presented sufficient evidence for the case to be submitted to the jury as to Ann Parker. Since defendant's plea of unavoidable accident is an affirmative defense, the burden of proof was on defendant to introduce affirmative proof of every element thereof. Under the facts in this case, affirmative proof of an essential element of this defense (the "unforeseeability" of the momentary unconsciousness) was entirely lacking. See 28 A.L.R.2d 35. For this reason, and because in her testimony Ann Parker in effect abandoned her general denial and relied entirely upon her defense of unavoidable accident, the verdict for defendant Ann Parker is not sustained by the evidence. There is testimony in this case that Ann had had two prior fainting spells.

Accordingly the judgment of the trial court in granting a new trial as to Marinell Parker is reversed. As to Ann Parker, the judgment of the trial court is affirmed.

As to Ann Parker:

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD and BERRY, JJ., concur.

867

IRWIN and LAVENDER, JJ., and SHIPP, Special Justice, dissent.

As to Marinell Parker:

DAVISON, BLACKBIRD, IRWIN, BERRY and LAVENDER, JJ., and SHIPP, Special Justice, concur.

HALLEY, C. J., and WILLIAMS, J., dissent.