**Joe WATSON, Plaintiff In Error,**

**v.**

**Najla SHANBOUR, Defendant In Error.**

**No. 41101.**

Supreme Court of Oklahoma.

May 7, 1968.

Rex K. Travis, Duke Duvall, Duvall & Head, Oklahoma City, for plaintiff in error.

Carroll Samara, Paul C. Duncan, Gerald A. Karam, Oklahoma City, for defendant in error.

IRWIN, Vice Chief Justice.

This litigation involves a suit for personal injuries sustained by the plaintiff Najla Shanbour when an automobile in which she was riding as a passenger and driven by her son, George Shanbour, collided with an automobile driven by the defendant, Joe Watson. Parties will be referred to as they appeared in the trial court.

Plaintiff sued her son and the defendant, Joe Watson, contending that the accident was caused by the joint and concurring

negligence of both parties. In their answer each defendant charged that the accident was caused solely by the negligence of the other defendant. Plaintiff settled her claim against her defendant son and the case proceeded to trial solely as to the defendant Joe Watson. The jury returned a verdict in favor of the defendant. Plaintiff filed a motion for new trial. The trial court sustained such motion and defendant appeals.

In sustaining the motion for new trial, the trial judge stated his reasons as follows:

"(1) At the close of all the evidence, the Court should have and erred in not sustaining plaintiff's motion for directed verdict against defendant Joe Watson.

"(2) The jury verdict in favor of defendant Joe Watson is contrary to the evidence.

"(3) The jury verdict in favor of the defendant Joe Watson is contrary to the Court's instructions.

"(4) Misconduct of counsel of Watson."

The accident occurred at the intersection of Northwest Highway and Portland Avenue in Oklahoma City, at approximately 9:10 A.M. Northwest Highway is a four lane highway and divided by a median. The automobile in which plaintiff was riding was traveling in a westerly direction on Northwest Highway. Its driver, Shanbour, was attempting to negotiate a left turn across the south two lanes of Northwest Highway for the purpose of proceeding south on Portland Avenue. Defendant's automobile was traveling in an easterly direction on Northwest Highway. The evidence is conflicting as to the speed of each vehicle before and at the time the accident occurred. Shanbour testified that when he first observed the defendant's vehicle it was about one-half mile west of the point of the accident traveling at a speed of approximately sixty-five miles per hour; that a decline in the highway caused the vehicle to disappear from his view; that he started his left turn; that he next observed the vehicle when he was about the middle of the two south lanes of the highway; and defendant's car was about seventy-five or one hundred feet from him coming directly towards him. Defendant testified that when he first saw the Shanbour automobile, the left turn signal light was on and it was in the process of starting a left turn; that he did not think it would pull out in front of him but thought it would pull out to the center median and stop; and that the car proceeded to turn. Defendant applied his brakes and laid down forty-four feet of skid marks. He failed to stop his car and the two vehicles collided in the outside of the two south lanes of the highway.

■■■ The evidence presented a question of fact for submission to the jury, and although conflicting, the same is sufficient to sustain the verdict in favor of the defendant. It is not the prerogative of the trial court in considering a motion for new trial to substitute its opinion for that of the jury. Abernathy v. Goebel, Okl., 429 P.2d 737.

The verdict of the jury is not contrary to the instructions. No exceptions were taken by either of the parties to the correctness of the instructions submitted and such instructions presented the fundamental issues to the jury. Under such instructions, the jury could properly find in favor of defendant.

■■■ Although the alleged misconduct of defense counsel is not specifically described, counsel for both parties argue misconduct relating to matters connected with the testimony of a police patrolman.

We have examined the testimony of the patrolman and the objections to such testimony and are of the opinion that under the terms of Title 12 O.S.1961, § 78, the alleged misconduct does not constitute sufficient grounds for granting a new trial.

■■■ In Hanna v. Parrish, Okl., 344 P.2d 658, we held:

"Where it is determined that the trial court acted arbitrarily, clearly abused its discretion, or erred on some unmixed question of law in granting new trial, order granting new trial will be reversed."

The order of the trial court sustaining the motion for new trial of the plaintiff is reversed with directions to overrule the motion and re-enter judgment on the verdict for the defendant.

All the Justices concur.