Clifton C. FLETCHER, Plaintiff in Error,

v.

MEADOW GOLD COMPANY, a Delaware Corporation, Beatrice Food Company, a Delaware Corporation and John Doe, Defendants in Error.

No. 42030.

Supreme Court of Oklahoma.

July 14, 1970.

Paul W. Brightmire, Tulsa, for plaintiff in error.

Hudson, Wheaton & Brett, Tulsa, for defendants in error.

BERRY, Vice Chief Justice.

The issue presented by this appeal concerns propriety of the trial court's order and judgment granting motion for new trial of defendants in error, hereafter defendants, after judgment had been entered upon a jury verdict for plaintiff.

Pertinent to the issue, matters summarized are disclosed by the pleadings and evidence. Beatrice Foods, Inc., sells and delivers dairy products in Tulsa, Oklahoma, under name of Meadow Gold Company. Products are delivered in trucks leased from Ryder Truck Rentals Company, a leasing company which services and maintains this equipment in its own shop, located across the street from defendants. Meadow Gold drivers, all clad in a company uniform, drive their trucks to Ryder for servicing as needed. Plaintiff had been employed by Ryder as a mechanic for five years prior to this accident.

Plaintiff was standing atop a large truck repairing an overhead door, assisted by two other Ryder employees who moved and held the door in the proper position for plaintiff to perform repairs. While so engaged an employee clad in a Meadow Gold uniform, identified only as John Doe, drove a delivery truck up in front of the door and honked for admittance. Plaintiff's co-workers then were holding the door in position 12–18 inches off the ground. John Doe left his truck, approached the door and asked to bring the truck into the shop, although able to see the door was blocked by the van upon which plaintiff was standing. One worker (Schreiner) attempting to get Doe's attention shouted to him that they were working on the door, first motioning through the window "for him to go around", and then "yelled" for him to go around and use a side door. Despite the fact witnesses shouted warning against touching the door Doe "grabbed" and raised the door straight up some 4–5 feet off the ground. The top of the moving door struck plaintiff's head, which was forced backward and wedged between the moving door and a pipe, causing plaintiff to cry out in pain. Climbing atop the truck to help, Schreiner found plaintiff bleeding on his face and cheekbone, after which plaintiff was administered first aid and sent to a clinic. The accident resulted in injuries, some of which were permanent and affected plaintiff's ability to hold employment. Apparently upon discovering what had taken place John Doe got into his truck and fled the scene, never to be heard of again, although Doe's physical description was established. No Meadow Gold trucks were missing on this date, all drivers were authorized to drive their trucks into Ryder and report malfunction. Defendants ad-

mitted, considering time and place, it was a fair presumption this occurrence involved a salesman who had finished his route and was bringing a truck in for service. The petition alleged plaintiff's injuries were proximately caused by gross and wanton negligence of John Doe in failing to heed warnings and raising the door with reckless disregard for plaintiff's safety, such negligence and lack of care being imputed to defendants.

Defendants' amended answer was a general denial, with specific denial Doe was acting as an agent, or within scope of his employment. Further, if guilty of negligence, plaintiff was guilty of contributory negligence in failing to keep proper lookout and exercise ordinary care for his own safety under the circumstances; although plaintiff knew, or should have known he was placing himself in a perilous position, notwithstanding such knowledge plaintiff failed to exercise proper degree of care to afford protection from consequences of his own misconduct.

The reply denied matters inconsistent with allegations of the petition, and specifically denied plaintiff was guilty of negligence in any respect.

The case was tried to a jury. At close of plaintiff's evidence the trial court reserved ruling upon defendants' demurrer to the evidence. Upon completion of defendants' evidence both parties' motions for directed verdict were overruled and the case was submitted to the jury under instructions, only one of which is questioned on appeal. Verdict was returned in plaintiff's favor, upon which judgment ($17,000.00) was entered. Defendants filed motion for new trial and, following oral argument, were granted time to brief. The trial court thereafter entered order and judgment sustaining defendants' motion for new trial.

The court stated specifically:

" * * * The court bases its conclusion to sustain defendants' motion for new trial upon the proposition that as an unmixed question of law the plaintiff's evidence, when viewed most favorably to the plaintiff, was insufficient to prove a prima facie case of negligence against the defendants herein."

Plaintiff's appeal is predicated upon the single proposition the trial court's order granting new trial was reversible error as a matter of law. Summarized, the supporting argument is that in cases where the standard of liability is negligence and there is a debatable issue upon which reasonable men might differ the issue must be resolved by the jury. And, where this is done, a trial court cannot reweigh the evidence and substitute his judgment for the jury's verdict simply because different inferences or conclusions could have been drawn, or because the trial court considers another result more reasonable. See Hansen v. Cunningham, Okl., 285 P.2d 432; A. T. & S. F. Ry. Co. v. Hicks, 208 Okl. 689, 258 P.2d 672.

The elements and nature of proof required to establish the existence, and extent of responsibility for consequences of negligence, have been reiterated innumerable times. The essential elements of negligence are provable by circumstantial evidence. Towery v. Guffey, Okl., 358 P.2d 812; Coe v. Esau, Okl., 377 P.2d 815. All plaintiff is required to prove to establish causal connection between defendants' negligence and plaintiff's injury is to make it appear injury, in whole or in part, resulted from defendants' negligence. J. J. Newberry Co. v. Lancaster, Okl., 391 P.2d 224. The degree of foreseeability for all consequences of negligence is stated in syllabus 2 in Oklahoma Nat. Gas Co. v. Courtney, 182 Okl. 582, 79 P.2d 235. This extends to all circumstances which exist whether they could, or could not have been, ascertained by reasonable diligence.

Defendants' argument in support of the trial court's actions is offered under three propositions: (1) Failure of proof to establish prima facie negligence; (2) failure to prove John Doe was defendants' employee acting within scope of employment; (3) excessive damages which resulted from

passion, prejudice, and improper instructions upon proper elements of damage. Defendants' entire argument presents an attack upon sufficiency of the evidence to support the jury's determination of the cause.

■ Until our decision in Parker v. Washington, Okl., 421 P.2d 861, determination of correctness of the trial court's judgment herein would have been made solely upon basis of the reason assigned for granting new trial. Because of decision in Parker, supra, a trial court's assigned reason for granting new trial neither deprives defendants of right to review of the entire record, nor limits this Court's jurisdiction to consideration of the entire record. It is noted each ground of argument advanced to support the judgment is predicated upon alleged insufficiency of conflicting evidence to support the jury's findings in respect to three grounds of argument above mentioned. However, it is firmly settled that in actions of legal cognizance a jury's verdict based upon conflicting evidence will not be disturbed on appeal if there is any competent evidence reasonably tending to support the verdict. California Oil Co. v. Davenport, Okl., 435 P. 2d 560.

■■ Both our holding in Parker, supra, and the argument of the parties on appeal require our examination of the record, to determine whether the jury verdict was supported by any competent evidence. If reasonable support by competent evidence appears then the trial court's action in granting a new trial constituted an abuse of discretion, since a trial court cannot exercise the prerogative to substitute its opinion for that of the jury when considering a motion for new trial. Abernathy v. Goebel, Okl., 429 P.2d 737; Watson v. Shanbour, Okl., 441 P.2d 363.

Although conflicting, and not imperative in some aspects, the evidence and reasonable inferences the jury was entitled to draw therefrom, sufficiently supported the jury's findings in the following respects: John Doe was defendants' employee acting within scope of employment when he parked defendants' truck on the driveway and demanded admittance; Doe was warned sufficiently so that he knew, or should have known, the door was inoperable, was being repaired, and should not be raised; that to raise the door under the circumstance could result in damage or injury; Doe disregarded these warnings and raised the door abruptly, which injured plaintiff. The jury was entitled also to consider the fact of Doe's flight from the scene, and draw reasonable inferences from this circumstance.

■ In Howell v. Olson, Okl., 452 P. 2d 768, this Court again stated the requirements to be met by a trial court when passing upon a demurrer to the evidence. The same criteria are applied when passing upon motion for directed verdict. Prudential Fire Ins. Co. v. Trave-Taylor Co., 194 Okl. 394, 152 P.2d 273. Neither demurrer to evidence nor motion for directed verdict should be sustained unless there is an entire absence of proof to show any right to recover. Where there is any controverted question of fact determination of the matter is left solely for the trier of the facts. Howell v. Olson, supra. The trial court first declined to sustain defendants' demurrer to the evidence. At close of all the evidence each party's motion for directed verdict left the court's consideration whether plaintiff's evidence, and reasonable inferences deducible therefrom, presented any disputed question of fact, clear or obscure. Putt v. Edwards Equipment Co., Okl., 413 P.2d 559. The trial court considered the quality of plaintiff's evidence sufficient to raise a disputed question of fact, and sufficient to warrant submission to the jury. We are of the opinion the trial court's action granting defendants' motion for new trial constituted an abuse of sound legal discretion not applied within recognized principles of law. In this circumstance the governing rule is stated in syllabus 2 of Watson v. Shanbour, supra:

"In an action for damages, where the evidence is conflicting but the verdict of

the jury is sustained by competent evidence, it is an abuse of discretion for the trial court to grant a new trial upon the ground that the verdict of the jury is contrary to the evidence or that a motion for directed verdict should have been sustained."

Much of the conflict in the evidence was created by what may be considered negative evidence elicited by defendants. This is true particularly in respect to defendants' argument relative to failure of plaintiff's evidence to establish Doe's agency, and whether acting at the time within scope of employment. This argument is unpersuasive, since the court recognized Doe was a Meadow Gold driver who rightfully drove defendants' truck to this particular place. The evidence on this feature of the case was sufficient to support the jury's finding under the rule in Norton v. Harmon, 192 Okl. 36, 133 P.2d 206, cited by plaintiff. Also see Howell v. Olson, supra, as to legal presumption truck was operated by defendants' employee, which shifts burden of proof to employer. In Olson the legal presumption arose from stipulated facts. Here the evidence sufficiently disclosed presence of defendants' truck operated by an authorized driver, thus raising the presumption of operation within scope of the employment.

Argument directed against the verdict for excessiveness allegedly resulting from passion and prejudice and an assertedly erroneous instruction relating to reduced earning capacity and loss of earnings requires little discussion. Much of defendants' argument concerning assumed failure of proof is based upon defendants' own interpretation of the evidence. There was ample testimony from which the jury could, and did, find plaintiff suffered injuries which resulted in some permanent partial disability and impairment of his health, loss of time, reduction of earnings and loss of future earning capacity. The amount of the jury's verdict was within permissible limits of the evidence, both as to loss of earnings up to time of trial and permanent loss of earning capacity. And, judgment in the amount rendered was within limits shown by evidence without regard to pain and suffering, existence of which was recognized to some degree by defendants' medical testimony.

For the reasons stated the order granting new trial is reversed, with directions to reinstate the verdict entered upon the jury verdict for plaintiff.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.