George BOWERS, Appellant,

v.

Oliver WIMBERLY and Werner
Enterprise, Inc., Appellees.

No. 86553.

Supreme Court of Oklahoma.

March 4, 1997.

Mark A Cox, Norman, Edem, McNaughton & Wallace, P.A., Oklahoma City, for Appellant.

Mark E. Bialick, Randall S. Fudge, Durbin, Larimore & Bialick, Oklahoma City, for Appellees.

HARGRAVE, Justice.

On June 17, 1993, at approximately 4:00 a.m., a truck driven by defendant Wimberly and owned by defendant Werner Enterprises, Inc. crashed into a toll booth on the H.E. Bailey Turnpike, where plaintiff was working inside. When questioned by the Oklahoma Highway Patrol trooper at the scene of the accident, defendant Wimberly stated that he must have fallen asleep and the trooper duly recorded in his accident report: "Driver stated he was driving 55 mph and must have fallen asleep." The trooper issued a citation to the defendant driver for "careless driving on turnpike."

Plaintiff filed suit in district court alleging negligence on the part of defendants that resulted in injuries to the plaintiff. The defendants' answer asserted affirmative defenses of contributory negligence, unavoidable accident and sudden emergency. The defendants moved for summary judgment, attaching an affidavit from Dr. Robert C. Love that stated that defendant had suffered a stroke, as well as an affidavit from the highway patrol trooper.

Dr. Love's affidavit states that he treated the defendant Oliver Wimberly at Comanche County hospital "after he had an accident, when he collided with a toll booth." The affidavit states that Wimberly was admitted on June 18, 1993 and discharged on June 23, 1993. Dr. Love stated his medical opinion that Mr. Wimberly suffered an acute cerebral infarction "precipitating" the truck accident. Dr. Love stated that in his opinion there was no way for Mr. Wimberly to have anticipated the stroke and that strokes of this nature are unexpected and "not foreseeable." The affidavit states, "Essentially there was a sudden unexpected collapse of a blood vessel that caused Mr. Wimberly to lose consciousness and thereby lose control of his vehicle." The affidavit stated that there was nothing in Mr. Wimberly's medical history to prevent him from driving a vehicle on the date of this accident. Finally, the doctor's affidavit concluded that there was no reason for Mr. Wimberly to have expected this stroke and sudden loss of consciousness and that "it was strictly unforeseeable and not within the control of Mr. Wimberly."

The affidavit of the investigating highway patrol trooper states that he investigated the accident, that Mr. Wimberly stated that he must have fallen asleep, and that based upon that statement, the trooper issued a citation. The affidavit states further: "It was apparent to me, at the scene, that something else was wrong. It seemed to me that Mr. Wimberly had a head injury." The affidavit states that a fellow trooper took Mr. Wimberly to the hospital in Lawton, where the treating doctor advised that Mr. Wimberly had "suffered a stroke which caused the accident." The trooper's affidavit states that he, on his own, within a couple of weeks after the accident, had the citation dismissed. He amended his report to conclude that there was no improper action on the part of Mr. Wimberly. The trooper then gives his opinion that "the accident was unavoidable because it occurred as a result of a stroke which caused Mr. Wimberly to lose consciousness. I do not believe that Mr. Wim-

berly did anything wrong to cause or contribute to this accident."

Based on these affidavits, the trial judge granted summary judgment in favor of the defendants. The Court of Civil Appeals affirmed on the grounds that plaintiff had failed to controvert that the accident was the result of unavoidable accident.

Plaintiff's response to the defendants' motion for summary judgment asserted that his injuries were caused by the negligent driving of defendant Wimberly. Specifically, plaintiff disputed Dr. Love's statement that Wimberly's cerebral infarction precipitated the truck accident. Plaintiff disputed Dr. Love's statement that there was a sudden, unexpected collapse of a blood vessel that caused Mr. Wimberly to lose consciousness and thereby lose control of his vehicle. Plaintiff attached the original traffic collision report, in which the trooper reported that the defendant exceeded the speed limit and fell asleep as the causes of the accident, and the trooper's second affidavit, in opposition to the motion for summary judgment, which states that it appeared that the defendant had suffered a head injury. Plaintiff argues that there is a disputed fact question because there is evidence that Wimberly fell asleep at the wheel and there is evidence that he may have suffered a stroke. He argues that the trial court and the Court of Civil Appeals "weighed" the evidence, which is impermissible on a motion for summary judgment. We agree.

 In granting summary judgment, a court may not weigh evidence or otherwise try a factual dispute. *Cinco Enterprises, Inc. v. Benso,* 890 P.2d 866, 874 (Okla.1994), FDIC v. Moss, 831 P.2d 613 (Okla.1991). Summary judgment is improper where there are issues unresolved. *Taylor v. Hynson,* 856 P.2d 278 (Okla.1993).

 Unavoidable accident by reason of sudden incapacitating illness or unconsciousness, if not foreseeable, is a defense to negligence. In order for defendant to be relieved of liability for negligence based on this affirmative defense, the defendant must prove the sudden unconsciousness that caused the accident and that the attack was not foresee-

able. *Parker v. Washington,* 421 P.2d 861, 866 (Okla.1966). Thus, the burden of proof is on the defendant to introduce affirmative proof of every element of his affirmative defense of unavoidable accident.

In *Parker v. Washington, supra,* the facts supporting the defense of unavoidable accident were that defendant had an epileptic seizure immediately preceding the accident. It was not disputed that she had a blackout immediately preceding the accident; the dispute arose over whether it was foreseeable. The *Parker* court repeated the often-quoted section from Annotation, 28 A.L.R.2d 1, 35:

> By the great weight of authority, an operator of a motor vehicle, who, while driving, becomes suddenly stricken by a fainting spell or loses consciousness from an unforeseen cause, and is unable to control the vehicle, is not chargeable with negligence or gross negligence. Stated differently, fainting or momentary loss of consciousness while driving is a complete defense to an action based on negligence *if such loss of consciousness was not foreseeable.* (emphasis added).

The Court of Civil Appeals treated Dr. Love's legal conclusions as "proof" and shifted the burden to the plaintiff to controvert this "medical evidence." They believed that plaintiff should have offered medical evidence to demonstrate (1) that Wimberly did not suffer a stroke, or, (2) that if he did have a stroke, it either did not contribute to the accident or could have been a consequence of the accident. The Court of Civil Appeals stated that "at the very least, plaintiff should have pursued discovery from Wimberly to establish whether Wimberly really did fall asleep, or whether he might have been negligent in some other regard." This is an incorrect standard. *See, Mooney v. YMCA,* 849 P.2d 414 (Okla.1993).

In *Mooney,* we noted that even where plaintiff did not contest any of the defendant's proposed uncontroverted facts, which were then deemed admitted, the movant still must show that he is entitled to judgment as a matter of law. Plaintiff in *Mooney* stated that he had attached an affidavit and maintenance contract to his brief in opposition to defendant's motion for summary judgment,

but the materials were not attached. Nevertheless, this Court overturned the trial court's summary judgment in favor of the defendant, Otis Elevator Co.

■ The statements of the doctor in the case at bar about causation and foreseeability are not "uncontroverted facts." Dr. Love's affidavit goes beyond medical diagnosis and offers legal conclusions on foreseeability and causation. These are issues to be determined by the trier of fact. The affidavit gives the doctor's opinion that defendant suffered a stroke, but then goes on to attribute the stroke as the cause of the accident and to state that the stroke was unforeseeable. Had the doctor given the same conclusory testimony in a trial, the court could have disallowed the testimony on causation because there were not sufficient facts in evidence on which to base such an opinion. *See, Woods v. Fruehauf Trailer Corp.* 765 P.2d 770, 776–77 (Okla.1988).

We said, in *Hughey v. Grand River Dam Authority,* 897 P.2d 1138, 1143 (Okla.1995):

A defendant who moves for summary judgment by interposing an affirmative (absolute) defense against liability must show that there is no substantial controversy over the applicable facts that are material to that defense and that all inferences which may be reasonably drawn from undisputed facts tendered are in the moving party's favor. Once the moving party has made the required showing, the adverse party *must then assume the burden of demonstrating the existence of a material fact that would justify a trial of that issue.* (citations omitted; emphasis in original)

The moving party has the initial burden of showing that there is no substantial controversy as to any material fact, but thereafter, the party opposing the motion must show, by materials included with the response, that there is a material fact in dispute. *Seitsinger v. Dockum Pontiac,* 894 P.2d 1077, 1079 (Okla.1995).

The Court of Civil Appeals would have required the plaintiff in this case to controvert the fact of the defendant's stroke. The plaintiff is required only to demonstrate that there are material facts in controversy, which·

was done in the case at bar. The plaintiff disputes the cause of the accident by offering, as evidence, the accident report containing plaintiff's statements to the Highway Patrol trooper at the scene of the accident, and attaching the trooper's second affidavit that stated for the first time that the trooper had observed that it seemed to him that Mr. Wimberly had a head injury. Having placed the cause of the accident in controversy by showing that reasonable persons could find that the stroke was not the cause of the accident, it was for the trier of fact to determine the cause of the accident. In *Dockum, supra,* the trial court had granted summary judgment to defendant car dealership because the plaintiff's materials attached in opposition to the motion for summary judgment did not contain evidence that would be admissible at trial. In reversing the trial court, we stated that "it is enough that these 'other materials' reasonably show the judge who is considering the motion that the party opposing the motion will be able at the time of trial to present competent admissible evidence to support the allegations." *Dockum at* 1081.

■ Summary judgment should be granted only where it is clear that there is no substantial controversy as to any material fact *and* that a party is entitled to judgment as a matter of law. *Flanders v. Crane Co.,* 693 P.2d 602 (Okla.1984). That is not the case here. The cause of the accident and the question of foreseeability in connection with defendant's asserted affirmative defense are in controversy and must be decided by the trier of fact.

We said in *Martin v. Chapel, Wilkinson, Riggs and Abney,* 637 P.2d 81 (Okla.1981):

"Summary judgment procedure is properly invoked when it serves to eliminate useless trial *but not when it would defeat litigant's right to have jury resolve factual issue bearing significantly on outcome of case.*" (emphasis added).

The issues involved bear significantly on the outcome of the case at bar. Even if there is no controversy whether defendant suffered a stroke, there is a fact question as to when the stroke occurred and whether the stroke caused the accident. The plaintiff has had no opportunity to cross examine the doctor

about his conclusions that the stroke was not foreseeable and that the stroke caused the accident. Neither has plaintiff been able to question the trooper about his belief that defendant suffered a head injury. The bare facts of the case show that there is conflicting evidence: the statement made after the accident and the doctor's affidavit are at odds. The disputed issue is whether there was negligence or unavoidable accident.

It is not the province of the court to weigh the evidence, but merely to determine whether there is conflicting evidence. Here, there is conflicting evidence and we need not go further in order to find that the trial court erred in granting summary judgment to defendants. We have said that it is not the purpose of summary judgment to substitute trial by affidavit for trial according to law, and that weighing of evidence must be left to the jury. *Stuckey v. Young Exploration Co.*, 586 P.2d 726, 730 (Okla.1978). The result in the case at bar is trial by affidavit.

We previously granted the petition for certiorari, and now vacate the opinion of the Court of Civil Appeals and reverse the trial court's summary judgment to defendants and remand for further proceedings.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS IS VACATED; JUDGMENT OF THE TRIAL COURT IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

KAUGER, C.J., SUMMERS, V.C.J., and LAVENDER, SIMMS, OPALA, ALMA WILSON and WATT, JJ., concur.

HODGES, J., dissents.