### BRONSON v. REED et al.

No. 22041. March 6, 1934.

Bierer & Bierer, for plaintiff in error.

A. V. Dinwiddie, and John J. Hildreth, for defendants in error.

BAYLESS, J. L. D. Bronson, personally and on behalf of all parties similarly situated, who claim to have owned the mineral rights in and to the real estate involved herein prior to foreclosure, who will hereinafter be called plaintiffs, appeal from a judgment and order of the district court of Logan county, Okla., sustaining a motion to strike

filed on behalf of J. A. Reed and wife, former owners of the real estate involved, who will hereinafter be called defendants.

The action out of which this appeal arises was originally instituted by the holder of a mortgage to foreclose said mortgage and for other relief. The parties mentioned in the preceding paragraph filed no pleadings and made no appearance prior to the sale of the real estate. In the first judgment entered, the trial court ordered the mortgages pleaded foreclosed; determined the rights and priorities of an oil and gas lease asserted by one party and a claim to a fractional interest in the mineral rights asserted by another party; and made no adjudication of the rights of the parties mentioned in the preceding paragraph except to find that if they had any interest in the real estate, the same was inferior to the rights of the parties who appeared and pleaded their rights and had them adjudicated as aforesaid; and ordered the real estate sold as provided by law and the proceeds disbursed to the judgment creditors, and then ordered:

"Fourth. That the residue, if any, be paid to the clerk of this court, to await the further order of this court."

The sale was made July 8, 1930, and the sheriff's return of sale was filed July 9, 1930, from which it appeared that the property sold for more than enough to pay the judgment creditors, thereby leaving a surplus. On the same day the sale was confirmed and, on motion of the defendants herein, the surplus was disbursed to them. On July 12th, the plaintiffs filed their "Motion to Vacate Order and for Other Relief," which was their first pleading and appearance in the action.

The motion so filed by the plaintiffs alleges, in substance:

"1. The two mortgages foreclosed in said action were superior to the rights of plaintiffs and defendants.

"2. That defendants had conveyed, by warranty assignments, all of the mineral rights in said land to the plaintiffs and the defendants had no interest therein.

"3. That the rights in and to said land and the surplus of its sale price were not adjudicated in the judgment rendered on the foreclosure of the mortgages, but such rights were specifically reserved for future consideration.

"4. That the defendants, without authority and contrary to the facts, represented to the court they were entitled to said surplus.

"5. That said surplus was ordered distributed to the defendants without notice to the plaintiffs of a hearing thereon, and they were deprived of their day in court.

"6. And plaintiffs are entitled to a hearing upon the question of the distribution of said surplus and to a marshalling of assets and determination of their rights; and moved accordingly."

This motion has certain exhibits attached to it, is verified and was filed three days after the order of distribution, and within the same term at which such order sought to be vacated was granted.

The defendants dictated into the record a motion to strike the motion of plaintiffs, upon the following grounds:

"1. Although plaintiffs were duly served in the action, they did not appear or file any pleadings in the original action.

"2. Their rights as against the defendant were duly adjudicated in the original action; and

"3. The motion was not filed until after the proceeds of the sale had been distributed."

The motion to strike was sustained by the court. The plaintiffs argue two alleged errors, which may be summarized thus:

"1. The court erred in said order of July 19, 1930, in sustaining the motion of J. A. Reed to strike said motion of L. D. Bronson, appearing as aforesaid, from the records and files of said cause.

"2. Because the said court erred in denying to L. D. Bronson an order allowing supersedeas and fixing time within which said defendant, L. D. Bronson, might make supersedeas bond and fixing the terms and conditions of said supersedeas of said order complained of."

We have said in Turk v. Page, 68 Okla. 275, 174 P. 1081, and Hodges v. Alexander, 94 Okla. 122, 220 P. 927, that the granting or refusing of a motion to strike is within the discretion of the trial court, "to be exercised, however, according to legal principles, and not arbitrarily." See, also, 49 C. J. 685, sec. 974.

What are the legal principles governing motions to strike?

Bancroft, Code Pleading, vol. 1, page 892, sec. 607, says:

"As a general rule, the office of a motion to strike out is not to test the sufficiency of a pleading; the motion relates to matters collateral or preliminary to the issue and is not directed against the cause of action or defense as a whole to test its sufficiency;

the motion is not a substitute for a general demurrer and is not the proper remedy by which to raise the objection that the action is barred by the statute of limitations."

This work cites an Oklahoma case as authority for such rule, to wit: First Nat. Bank v. Cochran, 17 Okla. 538, 87 P. 855. This same rule is announced in the later cases of Hailey v. Bowman, 41 Okla. 294, 137 P. 722, and Adams v. Webb, 104 Okla. 180, 230 P. 878. In 49 C. J. 686, sec. 975, it is said:

"Nature of Motion; Demurrer Distinguished, A motion to strike seeks an order of court of less dignity than a judgment, and is applicable where the pleading or a part thereof is wholly irrelevant, or is so framed as to prejudice or embarrass, or delay a fair trial, while a demurrer goes to the pleading as an entirety for insufficiency, raising an issue of law and seeking a trial and judgment on that issue. And while a motion to strike out a pleading or a paragraph thereof is, in some jurisdictions, and for some purposes, equivalent to, or in the nature of, a demurrer, it cannot ordinarily take the place of, or be used interchangeably with, a demurrer, although a pleading may be infected with such vices as to be open to attack by either mode."

See, also, 21 R. C. L. 595, secs. 143, 144.

Another rule which we should note before proceeding further is that a motion to strike, like a demurrer, admits the truth of all things pleaded; except where it is sought to strike on the ground that the pleading is sham. 49 C. J. 686, sec. 975; Bancroft, Code Pleading, vol. 1, page 892, et seq., and Turk v. Page, 68 Okla. 275-282, 174 P. 1081.

The second ground of the motion will be considered first. It is practically a plea of res adjudicata. We have not found any authority for using res adjudicata as a ground of a motion to strike a pleading, and we cannot conceive of it so being unless the facts upon which to base it appear affirmatively and irremediably on the face of the pleading sought to be stricken. If such facts did appear upon the pleading sought to be stricken, it occurs to us that it would raise a question as to the jurisdiction of the court, as a matter of law, and would be ground for a demurrer (sec. 201, O. S. 1931) instead of a motion to strike. See 49 C. J. 686, sec. 975, notes 54-56, as to the rule of judging a motion according to its substance instead of its designation. It cannot be a ground for either a motion to strike or a demurrer in this case, for the plaintiff's motion to vacate specifically alleges that the respective rights of the plaintiff and defendant were not adjudicated in the former trial, but were reserved for future consideration. This allegation was verified; and, its truth, under the authorities before cited, is admitted by the motion. Therefore, the second ground presented no reason for striking the pleading.

The first and third grounds are similar. The first asserts the pleading should be stricken because the plaintiffs did not appear or plead in the original action. But, for that matter, neither did the defendants, who now charge them with that dereliction. The trial court at the time of the judgment or foreclosure in the original action did not attempt to penalize either the plaintiffs or defendants for their failure to appear, nor did it adjudicate their respective rights. The only pleadings of record regarding the respective rights of either the plaintiffs or defendants were the petitions of the mortgage holders, neither of which furnished a basis for the adjudication of the rights as between the plaintiffs and defendants solely.

The third ground is based upon delay. It is not alleged to be negligent delay. It is alleged that the motion to vacate the order of distribution was not filed until after the order of distribution had been made. This is obvious because the purpose of the motion is to vacate that order.

This being an equitable action, this ground is to all practical purposes a plea of laches. This is a motion to vacate an order granted only three days previously and within the same term. The filing of the motion to vacate was not untimely with reference to the granting of the order of distribution. Whether the "Motion to Vacate and for Other Relief" was untimely with regard to the entire proceeding, is a matter of defense based upon the facts. In other words, it is to be determined on its merits and not as a preliminary or collateral issue.

What we have heretofore said is all addressed to the question of procedure. In other words, we do not think that the motion to strike was upon proper grounds, and we do think the court erred in sustaining it.

The second proposition urged by the plaintiffs is directed at the alleged error of the trial court in refusing to permit the plaintiffs to give supersedeas bond to supersede the order of distribution or to give a bond conditioned, as we understand the matter,

to prevent the defendants or their attorney from cashing the check issued by the court clerk in pursuance of the order of distribution, and conditioned further to hold the defendants harmless during the time they were so prevented from cashing said check. Whether the trial court abused its discretion in refusing to grant supersedeas is moot. It will not be presumed that the defendants have held said check and still hold it. No supersedeas granted now, or a determination now, that the plaintiffs were entitled to supersedeas then, will aid the plaintiffs. Therefore, we will not consider this proposition further.

The judgment of the trial court is therefore reversed and the cause remanded to the trial court for further proceedings.

CULLISON, V. C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.