**AVIATION DATA SERVICE, INC., Appellant,**

v.

**A.C.E. COPIER SERVICE, INC., Appellee.**

**No. 76,819.**

Court of Appeals of Oklahoma, Division No. 1.

April 7, 1992.

## · MEMORANDUM OPINION

GARRETT, Presiding Judge:

Aviation Data Service, Inc. (Appellant) sued A.C.E. Copier Service, Inc. (Appellee) for breach of contract, fraud and misrepresentation in small claims court. Appellee sold Appellant a service maintenance contract on a copier which Appellant bought from R.K. Black, who is not a party to this action. Testimony was received that parts replaced on the copier by Appellee damaged it and that it would cost between $2500 and $3500 to repair it.

Appellant put on its evidence and then moved for directed verdict, alleging Appellee was not entitled to defend the lawsuit because it was suspended, pursuant to 68 O.S.1991 § 1212(c), for failure to pay its corporate franchise tax. The trial court overruled the motion and allowed Appellee to put on its defense. The trial court awarded Appellant only a portion of the damages it sought, and this appeal followed. A narrative statement has been filed in this case, pursuant to Rule 1.22, Rules of Civil Appellate Procedure, 12 O.S. 1991, Ch. 15, App. 2.

The Secretary of State of Oklahoma certified in the "Certificate of Suspension", dated November 8, 1990, that Appellee was suspended on February 23, 1990, upon order of the Oklahoma Tax Commission for its failure to comply with the Oklahoma Franchise Tax Act. The contract between Appellant and Appellee was made on May 2, 1990.

The pertinent statute, 68 O.S.1991 § 1212(c), provides:

(c) Each trustee, director or officer of any such corporation, association or organization, whose right to do business within this state shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his knowledge, approval and consent, within this state after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association or organization were partners. *Any corporation, association or organization whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any court of this state, except in a suit to forfeit the charter of such corporation, association or organization.* In any suit against such corporation, association or organization on a cause of action arising before such forfeiture, no affirmative relief shall be granted to such corporation, association or organization unless its right to do business in this state shall be reinstated as provided herein. Every contract entered into by or in behalf of such corporation, association or organization, after such forfeiture as provided herein, is hereby declared to be voidable. (Emphasis added).

 There is nothing in the record to indicate that Appellee's franchise taxes have been paid since the suspension occurred. Appellee will thus be treated in this appeal as a suspended corporation, its brief will not be considered, and the case will be treated as if it were submitted on Appellant's brief alone. In such a case, this Court has no duty to search the record to find a theory to support an affirmance of the trial court. If the brief of Appellant is reasonably supportive of the allegations of error, this Court will ordinarily reverse the judgment with appropriate directions. *Cooper v. Cooper,* 616 P.2d 1154 (Okl. 1980).

 Unless a contrary intention plainly appears, words used in statutes are to be understood in their ordinary sense. 25 O.S. 1991 § 1. The above statute plainly states that a suspended corporation shall be denied its right to sue or defend in state courts. The evidence shows Appellee was suspended at the time of the trial, November 16, 1990. We must interpret the stat-

ute to mean that Appellee was not entitled to put on a defense. It was reversible error to allow it to do so. The narrative statement does not describe what evidence was presented by Appellee, and we have no way of knowing how extensive it was. However, it is implicit from the record that the defense presented served to reduce Appellant's damages.

Because it was error to allow Appellee to defend, and because the defense obviously served to reduce the damages awarded to Appellant, we hold Appellant is entitled to a new trial.

REVERSED AND REMANDED.

BAILEY and ADAMS, JJ., concur.