**SAPULPA TRAVEL SERVICES, INC.,**
d/b/a International Tours of
Sapulpa, Appellee,

v.

**Barry R. WHITE, Appellant.**

86079.

Court of Appeals of Oklahoma,
Division No. 3.

March 19, 1996.

Michael L. Seymour, Tulsa, for Appellant.

Randolph P. Stainer, Joseph F. Clark, Jr., Tulsa, for Appellee.

### OPINION

HANSEN, Presiding Judge.

Appellant, Barry R. White ("White"), seeks review of the trial court's order which vacated its prior summary judgment in his favor. Appellee, Sapulpa Travel Services, Inc. ("Sapulpa"), brought this action against White alleging embezzlement of funds. It sought damages and prejudgment garnishment. White moved for summary judgment on the sole basis Sapulpa was prevented from maintaining this action under 68 O.S. 1991, § 1212(c) because it was not a corporation in good standing on the date it filed this action.

Under this Section, such a suspended corporation forfeits its right to sue or defend. White seeks review of the trial court's order which vacated the previously-granted summary judgment.

■ On appeal White argues the trial court abused its discretion 1) in granting an ex-parte extension of time for Sapulpa to respond to White's motion for summary judgment, 2) in denying White's motion to strike Sapulpa's motion to vacate, and 3) in vacating the summary judgment. With regard to White's first contention, White did not raise the "ex parte" nature of the extension to the trial court in his response to the motion to vacate or in any other pleading. This Court will not review contentions of error which were not presented to the trial court. *Bane v. Anderson, Bryant & Co.*, 786 P.2d 1230, 1236 (Okla.1989).

■ White contends the trial court abused its discretion in overruling his motion to strike Sapulpa's motion to vacate.[1] White's motion to strike was based on two factors: 1) that the trial court had no "power" to grant the relief requested because 68 O.S. 1991, § 1212 prohibits the district court from granting Sapulpa any affirmative relief in this action and 2) because Sapulpa made misrepresentations to the Court in its motion to vacate. Generally, the office of a motion to strike is not to test the sufficiency of the pleadings. The motion relates to matters collateral or preliminary to the issue and is not directed against the cause of action or defense as a whole, to test its sufficiency. *Bronson v. Reed*, 167 Okla. 447, 30 P.2d 459 (1934). This Court will not reverse a trial court's ruling on a motion to strike unless an abuse of discretion is shown. *Bronson*, 30 P.2d at 460.

■ We find nothing within the language of 68 O.S. 1991, § 1212 which divests a district court of the power to vacate its judgment. Section 1212 is a provision in the Tax Code which provides for penalties against corporations which have failed to file reports

---

1. Contrary to Sapulpa's contention, this Court may review the trial court's disposition of White's motion to strike because the denial of same is contained in this final, appealable order.

12 O.S. 1991, § 952; Rule 1.60, Rules of Appellate Procedure in Civil Cases, 12 O.S., Ch. 15, App. 2; *Dennis v. Lathrop*, 204 Okla. 684, 233 P.2d 969 (1951).

on and to pay franchise taxes. In addition to a monetary penalty against the defaulting corporation, the Oklahoma Tax Commission "may enter an order directing the suspension of the charter or other instrument of organization, under which the corporation, association or organization may be organized, and the forfeiture of all corporate or other rights inuring thereunder." 68 O.S. 1991, § 1212(a). Under subsection (c), any corporation, association or organization whose right to do business shall be thus forfeited, is denied the right to sue or defend in any court of this state, except in a suit to forfeit the charter of such corporation, association or organization.

(c) Each trustee, director or officer of any such corporation, association or organization, whose right to do business within this state shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his knowledge, approval and consent, within this state after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association or organization were partners. *Any corporation, association or organization whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any court of this state, except in a suit to forfeit the charter of such corporation, association or organization.* In any suit against such corporation, association or organization on a cause of action arising before such forfeiture, no affirmative relief shall be granted to such corporation, association or organization unless its right to do business in this state shall be reinstated as provided herein. Every contract entered into by or in behalf of such corporation, association or organization, after such forfeiture as provided herein, is hereby declared to be voidable.

The suspension and forfeiture provided for becomes effective immediately upon record being made and the "certificate of the Secretary of State or the county clerk shall be *prima facie evidence* of such suspension and forfeiture". 68 O.S. 1991, § 1212(e).

White's argument is, in effect, that once he filed his motion for summary judgment, to which a certificate of suspension from the Secretary of State was attached, the trial court was without the "power" to consider any pleadings by Sapulpa. White has cited no authorities to support his position. According to the plain terms of § 1212, a corporation whose right to do business has been forfeited shall be denied the right to sue in any court of this state, except in limited circumstances not applicable hereto. The statute does not take from the trial court, or an appellate court for that matter, jurisdiction to determine whether the corporation shall *in fact,* be denied the right to sue or defend. The statute provides the certificate is "prima facie evidence", not conclusive evidence, of suspension and forfeiture. Blacks Law Dictionary, 6th Ed. (1990), defines "prima facie evidence" as evidence which, if unexplained or uncontradicted, is sufficient to sustain a judgment in favor of the issue which it supports, but which may be contradicted by other evidence. Thus, a corporation is provided an opportunity to rebut or contradict the certificate as to its suspension and forfeiture. Accordingly, White's contention the trial court abused its discretion when it denied his motion to strike fails.[2]

■ White's contention the trial court erred in denying his motion to strike because of "misrepresentations" in the motion to vacate is similarly, without merit. The alleged misrepresentations are Sapulpa's reference to a "hearing" held on its motion for an extension and Sapulpa's statement that the trial court granted it an "indefinite extension" within which to respond to the summary judgment motion. The record contains Sapulpa's motion for an extension of time wherein Sapulpa sought an additional 30 days. It notes White had directed his attorney to object to any extension and requested

___

2. Any argument the trial court lacked power to grant Sapulpa an extension of time to respond to White's motion for summary judgment, even if reviewable in this case, is moot because Sapulpa did not file its response until after the trial court entered the vacated judgment.

a hearing on the extension. The next item in the file is the trial court's order which granted the 30-day extension, giving Sapulpa until February 11, 1995 to respond. This order, however, was not filed of record until this period had elapsed, on April 3, 1995. The Order states the matter "comes on for consideration" before the judge but does not indicate a formal hearing was held. There is no transcript of any hearing on the extension and there is no transcript of the hearing on the motion to vacate. We cannot say from an examination of the record before us, that the trial court abused its discretion in denying White's motion to strike on the basis of "misrepresentations".

■ White argues the reinstatement of Sapulpa's good standing in May, 1995, does not operate to cure the fact Sapulpa was not in good standing when it filed this action on June 10, 1994 and that therefore, Sapulpa cannot maintain this action.[3] White cites *Bethlehem Steel Corporation v. Giese*, 681 P.2d 769 (Okla.1984) and *Aviation Data Service, Inc. v. A.C.E. Copier Service, Inc.*, 832 P.2d 31 (Okla.App.1992). Neither of these cases is directly on point.

In *Bethlehem Steel*, the issue was whether the reinstatement of a corporation, after suspension for failure to pay franchise tax under 68 O.S. 1981, § 1212, wiped out the personal liability of corporate officers and directors for debts incurred following suspension and before reinstatement. The Court held that it did not. Although the effect of a corporation's reinstatement on the right to defend or sue was not an issue in that case, the Court stated:

> The relation-back theory, which is applicable to the right to defend and right to sue provisions of § 1212 because of specific legislative provision, does not apply to the personal liability penalty.

In *Aviation Data Service, Inc. v. A.C.E. Copier Service, Inc.*, 832 P.2d 31 (Okla.App. 1992), the issue on appeal was whether the trial court correctly overruled the Plaintiff's motion for a directed verdict based on the

fact the Defendant corporation was suspended and thereby precluded from presenting a defense. The Court of Appeals determined the evidence showed the Defendant was suspended at the time of trial and that it was reversible error to allow the Defendant to put on a defense. Reinstatement was not an issue in this case.

In *Nichols–Homeshield, Inc. v. Mid–American Construction Supply, Inc.*, 643 P.2d 309 (Okla.1982), the certified question on appeal was whether 68 O.S. § 1212(c), which creates personal liability in trustees, directors and officers of a corporation whose right to do business has been forfeited, applies when the debts were incurred after the corporation had taken steps for reinstatement but before the Oklahoma Tax Commission ordered the corporation reinstated. The Court concluded personal liability remains until reinstatement is ordered. The Court stated the corporate and individual defendants' reference to *J.D. Simmons, Inc. v. Alliance Corporation*, 79 F.R.D. 547 (W.D.Okla.1978) was not persuasive:

> "*J.D. Simmons, Inc. v. Alliance Corp.*, 79 F.R.D. 547 (W.D.Okla.1978), holds that once properly reinstated, a corporation may sue or defend itself against suits filed during suspension, indicating that the reinstatement date was retroactive to the date of suspension. However, the Court made clear that the scope of its holding was narrow: it held only that § 1212(c) did not prevent a corporation from defending a suit filed against it during suspension once it had been reinstated properly. 'No intimation of the effect of Section 1212(c) on other issues which are or may be raised is intended.' 79 F.R.D. at 548."

In *Flour Mills of America, Inc. v. Pace*, 75 F.R.D. 676 (E.D.Okla.1977), the defendant argued the plaintiff corporation lacked capacity to bring an action on an account which was created between the parties during the plaintiff's suspension from doing business in this state. Plaintiff's right to do business was reinstated when the Secretary of State issued a Certificate of Good Standing. The

---

**3.** For a compilation of decisions from other jurisdictions regarding this issue see, Annot., 23 A.L.R.5th 744 (1994), *Application of Statute Denying Access to Courts or Invalidating Contracts*

*Where Corporation Fails to Comply with Regulatory Statute as Affected by Compliance after Commencement of Action.*

Court concluded, "This act of reinstating the Plaintiff's right to do business in Oklahoma relates back to the date of the suspension of Plaintiff and restores it to all its former powers, including the right to maintain this action." *Flour Mills,* at 679.

68 O.S. 1991, § 1212(c) provides in part: "In any suit against such corporation, association or organization on a cause of action arising before such forfeiture, no affirmative relief shall be granted to such corporation, association or organization unless its right to do business in this state shall be reinstated as provided herein." Thus, the statute specifically provides a suspended corporation may seek affirmative relief after reinstatement for causes of action arising before the forfeiture. White offers no argument why reinstatement should not likewise permit a formerly-suspended corporation from seeking affirmative relief as a plaintiff. Under the authorities cited above, we conclude Sapulpa is not prevented from maintaining this cause of action.

In its motion to vacate, Sapulpa stated the trial court had granted it an "indefinite extension of time" within which to compile the information necessary to respond to the motion for summary judgment and that Sapulpa believed summary judgment was inadvertently rendered "as the Court did not recall the indefinite extension". White responded that the only extension in the record provided for 30 extra days (until February 11, 1995). Other than the statements in Sapulpa's motion, there is no evidence of an "indefinite extension". The trial court, however, granted the motion to vacate.

The trial court's order granting summary judgment to White was filed on April 6, 1995, and Sapulpa's motion to vacate was filed twelve days later. Before the trial court ruled on the motion to vacate, Sapulpa filed its response to the summary judgment motion and subsequently, filed a certificate from the Secretary of State showing that Sapulpa was a corporation in good standing as of May 25, 1995. Thus, at the time the trial court heard the motion to vacate, it had before it a motion for summary judgment with a certificate of suspension and a response to the summary judgment with a certificate of good standing. The trial court then vacated the summary judgment.

■ Sapulpa's motion to vacate filed within 30 days is submitted to the trial court under 12 O.S. 1991, § 1031.1. The test for measuring the legal correctness of a trial court's response to a timely § 1031.1 request is whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct the earlier decision, or to refuse the relief sought. *Schepp v. Hess,* 770 P.2d 34 (Okla.1989). This Court will not reverse a trial court's judgment which vacates a judgment unless an abuse of discretion is shown. *Carr v. Braswell,* 772 P.2d 915 (Okla.1989).

■ Based upon this particular set of procedural facts and the record before us, we cannot conclude the trial court abused its discretion in granting the motion to vacate.[4]

The trial court's judgment is therefore, AFFIRMED.

ADAMS, V.C.J., and BUETTNER, J., concur.

---

4. Abuse of discretion by the trial court cannot be presumed. *Eskridge v. Ladd,* 811 P.2d 587 (Okla. 1991).