2000 OK CIV APP 48

**CENTURY INVESTMENT GROUP, INC., Plaintiff/Appellee/Counter-Appellant,**

v.

**BAKE RITE FOODS, INC., formerly Bake rite, Inc., a Delaware corporation, Defendant/Appellant,**

Everett R. Cook, an individual, and Laurence N. Strenger, an individual, Defendants/Counter–Appellees.

**No. 91,759.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 14, 2000.

Sheldon B. Swan, Clell I. Cunninham, III, Dunn, Swan & Cunningham, Oklahoma City, for Plaintiff/Appellee/Counter–Appellant.

Leif Swedlow, Richard M. Klinge, Richard M. Klinge & Associates, P.C., Oklahoma City, for Defendant/Appellant Bake Rite Foods, Inc. and Defendants/Counter–Appellees Everett R. Cook and Laurence N. Strenger.

Opinion by BUETTNER, Judge:

¶1 Bake Rite Foods, Inc. (Bake Rite), a Delaware corporation doing business in Oklahoma, hired Century Investment Group, Incorporated (Century) to place and sell bonds for refinancing Bake Rite's corporate debt. Century demanded payments pursuant to 1994 and 1996 Underwriting Agreements. Bake Rite refused to pay and the lawsuit ensued. On June 8, 1998, Century presented its case in chief, then moved for directed verdict on the ground that Bake Rite had been suspended by the Oklahoma Secretary of State for failure to pay its Oklahoma franchise tax. Pursuant to 68 O.S.1991 § 1212(c), a suspended corporation is not permitted to sue or defend in Oklahoma courts. The trial court granted the motion. On June 22, 1998, Bake Rite moved to vacate the judgment and for new trial. Neither motion was supported by a certificate of good standing. The trial court denied the motions. In addition, the trial court granted summary judgment in favor of the individual corporate officers. We affirm.

## SUSPENDED CORPORATION

¶2 In reviewing a grant of directed verdict, "[n]either demurrer to evidence nor motion for directed verdict should be sustained unless there is an entire absence of proof to show any right to recover." *Fletcher v. Meadow Gold Co.*, 1970 OK 135, 472 P.2d 885, 888. "Both a demurrer and a motion for a directed verdict should be denied when there is a dispute of material fact or when reasonable minds could differ." *Handy v. City of Lawton*, 1992 OK 111, 835 P.2d 870, 872.

¶3 In the case at bar, it is undisputed that Bake Rite was suspended from its good standing status in January 1998. Century's motion for directed verdict was based on 68 O.S.1991 § 1212(c) which states in part:

Any corporation, association or organization whose right to do business shall be thus forfeited [failure to pay the franchise tax] shall be denied the right to sue or defend in any court of this state, except in a suit to forfeit the charter of such corporation, association or organization.

¶4 Bake Rite claims that the lack of capacity of a party to sue or be sued was waived because it was not objected to before trial.[1] The law provides that persons or corporations have the capacity to sue or be sued in this state *except as otherwise provid-*

---

1. See 12 O.S.1991 § 2012(B): HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

*** 

9. Lack of capacity of a party to be sued;  and
10. Lack of capacity of a party to sue.

*ed by law.*[2] In this case, Section 1212(c) specifically denies capacity to sue or defend to a corporation which is not in good standing in Oklahoma. We do not view § 1212(c) as an affirmative defense which must be raised by a party or it is waived. Rather, § 1212(c) expresses the public policy of this state that when proper evidence is presented to a court, during any stage of the proceeding, that a corporate party has been suspended for failure to pay its franchise tax, then that party may no longer sue or defend the action.

¶ 5 Despite its many complaints on appeal, Bake Rite always held the power to remove its legal disability by becoming a corporation in good standing in Oklahoma. We have previously held that it was not an abuse of discretion to vacate a summary judgment where the motion to vacate is supported by a certificate of good standing. *Sapulpa Travel Services, Inc. v. White,* 1996 OK CIV APP 21, 915 P.2d 396, 400. Also see *J.D. Simmons, Inc. v. Alliance Corporation,* 79 F.R.D. 547, 548 (W.D.Okla.1978) (Defendant obtained reinstatement after filing its motion for summary judgment and shortly after plaintiff's motion to strike. "Once the taxes have been paid and the corporation reinstated, the purpose behind § 1212(c) has been met and no further penalty should be imposed.")

¶ 6 Bake Rite also argues that the trial court abused its discretion when it did not allow Bake Rite a recess or continuance to pay its tax and become reinstated. Bake Rite offers no authority that it had *right* to reinstate; rather, Bake Rite had the obligation to pay its franchise tax. Section

1212(c) does not provide for a grace period or a continuance. All that the trial court was charged with at the time of the motion for directed verdict was a determination whether "the corporation shall in fact, be denied the right to sue or defend." *Sapulpa Travel Services, Inc. v. White,* 1996 OK CIV APP 21, ¶ 6, 915 P.2d 396.[3]

¶ 7 Bake Rite argues that Century employed an ambush tactic when it moved for directed verdict. Century did ambush Bake Rite. However, under these facts, it is an ambush countenanced by the law. Bake Rite is charged with knowing its corporate status in Oklahoma, and Oklahoma law. Bake Rite could have cured its problem by paying its tax as soon as it was served with the lawsuit, or as soon as judgment was granted June 1998. Title 68 O.S.1991 § 1212(c) is more than an affirmative defense which must be plead and proven. It is a decision by the Legislature that a corporation which has been suspended "shall be denied the right to sue or defend in any court of this state." We feel constrained to hold that this statute may be enforced by bringing the suspension to the attention of the court with appropriate proof at any time during the proceeding.[4, 5] We affirm the trial court's order directing verdict in favor of Century.

## SUMMARY JUDGMENT DISMISSING INDIVIDUAL SHAREHOLDERS

¶ 8 Century appeals the trial court's order granting summary judgment in favor of Everett R. Cook and Laurence N. Strenger, dismissing them from the lawsuit. The sole claim against Cook and Strenger in

2. 12 O.S.1991 § 2017(B): CAPACITY TO SUE OR BE SUED. Except as otherwise provided by law, any person, corporation, partnership, or unincorporated association shall have capacity to sue or be sued in this state.

3. According to the Petition in Error, Bake Rite was reinstated in Oklahoma as a corporation in good standing about three weeks after the post-trial motions (August 7, 1998).

4. It is because there is some evidence, which Century does not controvert, that Bake Rite has been reinstated that it may prosecute this appeal. *Aviation Data Service v. A.C.E. Copier,* 1992 OK CIV APP 41, 832 P.2d 31, 33.

5. Bake Rite also argued that it should not be held liable for its suspension because at some point it no longer did business in Oklahoma. We note that in its Answer, filed April 22, 1997, Bake Rite alleged that it was a Delaware Corporation with its principal place of business in Oklahoma. In its objection to Century's Motion for Summary Judgment, Bake Rite submitted the affidavit of Laurence Strenger, dated August 28, 1997, in which he averred that: "Subsequent to such sale, Bake Rite retained millions of dollars of assets and conducts business with them from its principal place of business in Oklahoma City, Oklahoma."

the Petition is quantum meruit, i.e., that they, along with Bake Rite, received the benefit of Century's services. "In cases such as this where defendant moves for a summary judgment and is not relying upon an affirmative defense, the defendant must show that there is no substantial controversy as to one fact material to plaintiff's cause of action and this fact is in defendant's favor." *Runyon v. Reid,* 1973 OK 25, 510 P.2d 943, 946. Once the defendant has produced such material, "... plaintiff then has the burden of showing that evidence is available which would justify a trial of the issue." *Id.*

¶ 9  In the case at bar, Century claimed that Cook and Strenger, officers and shareholders of Bake Rite were independently liable for the amounts owed on the 1994 and 1996 Underwriting Agreements. The trial court held that Cook and Strenger were not liable because they acted only as agents for Bake Rite and that "any contract entered into by the parties was between the plaintiff [Century] and Bake Rite Foods, Inc." [6] Cook and Strenger produced documents showing that Bake Rite, the corporation, was the legal entity obligated on the 1994 and 1996 Underwriting Agreements. "... [W]e recognize that Oklahoma law treats a corporation as a legal entity separate from its shareholder, and ordinarily shields corporate officers, directors and shareholders from personal liability for corporate debt." *Puckett v. Cornelson,* 1995 OK CIV APP 72, 897 P.2d 1154, 1155.

¶ 10  Century failed to produce evidence in support of its claim that there was an enforceable contract between it and Cook and Strenger, or that the two corporate officers agreed to assume personal liability in case of default.[7] "The intention of parties to a written contract 'is to be ascertained from the writing alone....'" 15 O.S.1991 § 155. 'If the language of a contact is clear and without ambiguity, the Court is to interpret it as a matter of law.... Similarly, the existence of an ambiguity is a decision to be made by the Court." *Heskett v. Heskett,* 1995 OK CIV APP 52, 896 P.2d 1200, 1202, citing *Corbett v. Combined Communications Corp.,* 654 P.2d 616, 617 (Okla.1982).

¶ 11  Nor did Century present sufficient evidence to raise a material fact issue on its claims of implied contract or unjust enrichment, or that the corporate veil should be pierced. The evidence submitted by Century does not support these claims.

¶ 12  There is no error in the trial court's order dismissing the two individual shareholders. There was no admissible evidence presented tending to show that they could have been legally liable for the corporate debt. 12 O.S. Supp.1993, Ch.2, App.1, District Court Rule 13.

### MOTION TO DISMISS

¶ 13  Due to the manner in which the substantive issues are resolved herein, we need not reach the issue in Century's motion to dismiss, which is therefore denied.

### CONCLUSION

¶ 14  The order of the trial court directing verdict in favor of Century Investment Group against Bake Rite Foods, Inc. is AFFIRMED. The order of the trial court granting summary judgment in favor of Everett R. Cook and Laurence N. Strenger,

---

6. The trial court also noted at the April 17, 1998 hearing: "The plaintiff said, well, Cook and Strenger told me on the telephone that they would make sure that I got paid for what I did. The trouble with that is, if they were acting as agents of the corporation they have no personal liability and I think an oral promise to pay the debt of another, to-wit Bake Rite Foods, is just not enforceable."

7. For support of an alleged oral contract, Century refers to an affidavit of its officer, James A. Tappan, Jr., and a letter from Tappan dated June 7, 1996. The underlying documents, taken at face value, do not reflect an agreement by Cook and Strenger to be personally liable for amounts owed by Bake Rite. At most, they reflect the officers' agreement, on behalf of Bake Rite, to see that the amounts were paid. Also see 15 O.S.1991 § 136: "The following contracts are invalid, unless the same, or some note or memorandum thereof be in writing and subscribed by the party to be charged or his agent:

\*\*\*

2. A special promise to answer for the debt, default or miscarriage of another, except in the cases provided for in the article on guaranty. [15 O.S.1991 § 321 et seq.]

dismissing them from the lawsuit, is AFFIRMED. Century Investment Group's motion to dismiss this appeal is DENIED.

JONES, P.J., and GARRETT, J., concur.