2013 OK 86

Colin D. MONCRIEFF–YEATES,
Petitioner,

v.

The Honorable M. John KANE, District
Judge of the District Court of Osage
County, Respondent,

and

K.O.D. Enterprises Incorporated,
Real Party in Interest.

No. 111765.

Supreme Court of Oklahoma.

Oct. 15, 2013.

Rehearing Denied April 14, 2014.

Colin D. Moncrieff–Yeates, Pro Se Petitioner.

W. Robert Wilson, Pawhuska, Oklahoma, for Real Party in Interest.

TAYLOR, J.

¶ 1 The issue presented to this Court is whether the district court erred in proceeding in the foreclosure suit below after the defendant filed a motion giving notice of the plaintiff corporation's suspension in June of 2000 for failure to pay corporate franchise taxes; for the eleven months that the plaintiff was on notice that its suspension was an issue in the suit, the corporation failed to be reinstated; and title 68, section 1212(C) of the Oklahoma Statutes denies a suspended corporation the right to sue or defend. We answer in the affirmative.

## I. FACTS

¶ 2 K.O.D. Enterprises, Inc. (K.O.D.) was incorporated on January 7, 1980. It was suspended on June 9, 2000, by order of the Oklahoma Tax Commission (Tax Commission) for failing to pay its corporate franchise taxes as evidenced by an Oklahoma Secretary of State's certificate. Six years after it was suspended, K.O.D. sold property to the defendant Colin Derek Moncrieff–Yeates (Moncrieff–Yeates) and financed the purchase.

¶ 3 On April 24, 2012, K.O.D. brought a foreclosure suit against Moncrieff–Yeates based on a June 2006 loan and also named as defendants the Severn Savings Bank, FSB; the County Treasurer; the County Assessor, Osage County; and Gary Wehunt. Summons was properly served on and signed for by Moncrieff–Yeates. On July 3, 2012, K.O.D. filed a motion for summary judgment.

The district court granted the motion and filed its judgment on July 24, 2012.

¶4 Starting on September 26, 2012, Moncrieff–Yeates filed a number of post-judgment motions and pleadings, including Verified Counter–Claim for a temporary restraining order, a request for preliminary injunctive relief, and a declaratory judgment. In the counterclaim, Moncrieff–Yeates raised the issue of K.O.D.'s suspension and attached a Secretary of State certificate showing that K.O.D. was suspended "for failure to comply with the requirements of the Oklahoma Tax Act and not in good standing...." On October 10, 2012, K.O.D. responded, stating:

> The Defendant has further suggested to the Court that the Judgment is not subject to enforcement by reason of the fact that on June 9, 2000, the Certificate of Incorporation of the Plaintiff was suspended by the Oklahoma Tax Commission for failure to file and pay franchise taxes. While this may have been a defense to the continuation of the action by the Plaintiff, had it been raised at the proper time until Plaintiff had the corporate charter reinstated or the Court entered its Order pursuant to 18 O.S. Section 1099, it is not grounds for vacation of judgment, as it is nothing more than a procedural matter, which if raised, Plaintiff could have corrected at any time. Further, in accordance with the provision of 18 O.S. Section 1099, the District Court has the discretion to allow any dissolved corporation to proceed in the "prosecution" or in the "prosecuting" suits for purpose of settling and closing their business and such should be, as may be required, granted by the Court.

K.O.D. recognized that it could have righted its status; yet, it chose to proceed without paying the back taxes and being reinstated.

¶5 On November 19, 2012, Moncrieff–Yeates filed a motion to vacate or modify the judgment. The motion attacked K.O.D.'s position that it fell within title 18, section 1099's time limits for allowing a dissolved corporation to wind up its business. The motion notes a number of new business transactions in which K.O.D. involved itself after it was suspended. Again Moncrieff–Yeates at-

tached copies of the Certificate of Incorporation and of the certificate showing K.O.D.'s June 9, 2000 suspension. Still K.O.D. did nothing to gain reinstatement.

¶6 On November 21, 2012, the district court entered an order, striking Moncrieff–Yeates' counterclaim filed on September 26, 2012. It also denied Moncrieff–Yeates' motion to vacate void judgment filed on September 26, 2012. The Court found that, "if the corporate existence and/or ownership of Plaintiff is an authentic issue [of] post-judgment ... concern, the court will take the issue of ownership of the judgment up upon application of any interested party."

¶7 On December 12, 2012, K.O.D. filed a response to Moncrieff–Yeates' petition to vacate in which it continued to argue that it had three years, or longer if granted by the court, to wind up its business after dissolution. Again K.O.D. relied on title 18, section 1099 of the Oklahoma Statutes for support.

¶8 On January 2, 2013, the district court held a hearing on the pending motions. Rather than pay the delinquent tax, K.O.D.'s attorney argued at the hearing that the corporation had the right to sue based on title 18, section 1099, which allows a dissolved corporation three years, or longer if extended by the court, to wind up its business. On February 6, 2013, the district court denied Moncrieff–Yeates' motion in the verified petition, stating: "Pursuant to *18 Okla.Stat.Ann. 1099*, the court authorizes Plaintiff to proceed in this action."

¶9 On May 7, 2013, a "Special Execution and Order of Sale" was filed in the district court. On May 16, 2013, Moncrieff–Yeates filed an objection to the confirmation of the sheriff's sale. On May 29, 2013, Moncrieff–Yeates filed an objection to a suspended corporation maintaining an action in any court of this state. Then on June 10, 2013, the same day as the sheriff's sale, Moncrieff–Yeates filed in the district court a motion for an emergency temporary restraining order and emergency preliminary injunction. The district court set an emergency hearing on the motion for June 17, 2013. On June 24, 2013, the district court ordered the parties to submit additional authority on the court's

jurisdiction, which the parties did. The district court has not yet ruled on the motion.

¶ 10 In the meantime, on May 14, 2013, Moncrieff–Yeates filed a petition in error appealing both the July 24, 2012 summary judgment and the February 6, 2013 order. A certificate of mailing was attached to the February 6, 2013 order, but the July 24, 2012 order did not have a certificate of mailing attached. On May 16, 2013, this Court ordered Moncrieff–Yeates to show cause why the appeal should not be dismissed as untimely. A week later, K.O.D. filed a motion to dismiss the appeal. K.O.D. did not include a certificate showing that the July 24, 2012 judgment was mailed to Moncrieff–Yeates, and there was not one in the record before this Court at the time. Moncrieff–Yeates responded that K.O.D. was suspended from doing business in Oklahoma by the Oklahoma Tax Commission and urged that, pursuant to title 68, section 1212, the district court lacked jurisdiction over the foreclosure. Moncrieff–Yeates did not attach evidence of the suspension to his response, and this Court's record did not contain any evidence of the suspension at the time the response was filed. Moncrieff–Yeates also responded that the July 24, 2012 judgment and the February 6, 2012 order were not mailed to him in compliance with the applicable statutes so as to make his appeal untimely.

¶ 11 On June 24, 2013, this Court dismissed the appeal as untimely, erroneously finding that the record before this Court "contains an affidavit of mailing filed August 31, 2012, showing mailing of the July 24 judgment to the appellant on July 25, 2012." K.O.D. never supplied this Court with this affidavit of mailing. On July 3, 2013, Moncrieff–Yeates filed a motion to reconsider, urging that K.O.D. waived its right to sue "when it neglected to revive its charter at the earliest possible opportunity," citing title 68, section 1212(C) of the Oklahoma Statutes. Whereupon, this Court ordered the district court clerk to transmit the entire record to this Court. Although the district court clerk transmitted only a partial record, it is sufficient for our review of the issue before this Court.

## II. PETITION IN ERROR RECAST AS APPLICATION TO ASSUME ORIGINAL AND FOR A PREROGATIVE WRIT

¶ 12 This Court will, under proper circumstances, recast a petition in error as an application to assume original jurisdiction and a request for extraordinary relief. *See State ex rel., Bd. of Regents of the Univ. of Okla. v. Lucas,* 2013 OK 14, ¶ 1, 297 P.3d 378, 380; *Smith v. Moore,* 2002 OK 49, ¶ 0, 50 P.3d 215, 216; *S.W. v. Hon. Duncan,* 2001 OK 39, ¶ 12, 24 P.3d 846, 850. Considerations in recasting an appeal as an original action are whether the issue is one of first impression, whether the issue is one that has been historically recognized by this Court as proper for extraordinary relief, and whether a writ is a proper remedy to prevent an inferior court from proceeding in a cause without authority or in excess of its jurisdiction. *S.W.,* 2001 OK 39 at ¶ 12, 24 P.3d at 850.

¶ 13 The first impression issue presented here is whether title 18, section 1099 can be utilized to avoid the imposition of title 68, section 1212(C)'s penalties upon a suspended corporation for failing to pay its franchise taxes. The second and third considerations are tied in this case. Historically, this Court has recognized that a writ is proper to prevent an inferior court from acting in excess of its authority. *Lucas,* 2013 OK 14 at ¶ 12, n. 11, 297 P.3d at 386, n. 11; *S.W.,* 2001 OK 39 at ¶ 12, 24 P.3d at 850. When a court exercises jurisdiction over a suit brought by a party whose right to sue has been withdrawn by the Legislature, the court is acting in excess of its authority. In an order filed this same day, we recast the petition in error as an application to assume original jurisdiction and for a writ of mandamus for the reasons discussed below.

### III. ANALYSIS

¶ 14 Title 68, section 1212 of the Oklahoma Statutes sets forth the procedures for suspending a corporation for failure to comply with the tax code, i.e., failure to file and

pay its corporate taxes.[1] The Tax Commission may enter an order directing the suspension of the corporation's charter. The Tax Commission transmits the order to the Secretary of the State of Oklahoma who records it. 68 O.S.2011, 1212(E). This record constitutes notice to the public of the suspension. *Id.*

■ ¶ 15 Subsection (C) of section 1212 delineates the penalties that apply while the corporate charter is suspended: (1) During the time of suspension, the directors and officers become liable for any and all debts of the corporation incurred or created with their knowledge, approval, and consent as if the directors and officers were partners; (2) Any contract entered into by the corporation during suspension is voidable; (3) No affirmative relief shall be granted to the corporation on a cause of action arising before forfeiture unless the corporation is reinstated; and (4) The corporation loses its right to sue or defend in any court of this state, except in a suit for forfeiture of its charter. 68 O.S.2011, 1212(C); *Williams v. Smith & Nephew, Inc.,* 2009 OK 36, ¶ 14, 212 P.3d 484, 488. If a corporation forfeits its right to sue, then a district court would not have the authority to grant it affirmative relief during its suspension. *Williams,* ¶ 16, 212 P.3d at 488.

■ ¶ 16 The right to sue, to defend, and to be granted affirmative relief can be restored upon reinstatement. *Id.* ¶ 21, 212 P.3d at 491. In *Corman v. H–30 Drilling, Inc.,* 2001 OK 92, 40 P.3d 1051, an oil and gas leaseholder sued a drilling company for reimbursement of clean-up costs incurred as a result of an Oklahoma Corporation Commission order. *Id.* ¶ 1, 40 P.3d at 1051. Although having known for two years that the drilling company's corporate charter was suspended for failure to pay corporate franchise taxes, the leaseholder waited until the day of trial to raise the issue. *Id.* ¶ 5, 40 P.3d at 1053. The drilling company moved for a short continuance to allow it to pay its franchise taxes. *Id.* ¶ 3, 40 P.3d at 1052. The district judge, on the same day, denied the drilling company's motion for continuance, refused to allow the drilling company to participate in the proceedings, and entered judgment for the leaseholder. *Id.* ¶¶ 3, 4, 40 P.3d at 1052–1053.

¶ 17 On the same day the district court entered judgment, the drilling company paid its franchise taxes. *Id.* ¶ 6, 40 P.3d at 1053. Three days later, the drilling company filed a motion to vacate the judgment. *Id.* It attached a certificate of good standing from the Secretary of State and a letter from the

1. Title 68, section 1212 provides in pertinent part:

   A. If the report required pursuant to the provisions of Section 1210 of this title is not filed and the tax levied pursuant to the provisions of Section 1203, 1204 or 1205 of this title is not paid within the time provided under subsection C of Section 1208 of this title, the Oklahoma Tax Commission shall levy and collect a penalty for such delinquency in the amount of ten percent (10%) of the tax due. Such penalty shall be collected and apportioned in the same manner as is the tax itself. In such event, or if a form is not filed, as required by subsection D of Section 1210 of this title by a corporation, association or organization exempt from the tax pursuant to subsection B of Section 1205 of this title, the Tax Commission may enter an order directing the suspension of the charter or other instrument of organization, under which the corporation, association or organization may be organized, and the forfeiture of all corporate or other rights inuring thereunder. . . .

   C. Each trustee, director or officer of any such corporation, association or organization, whose right to do business within this state shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his or her knowledge, approval and consent, within this state after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association or organization were partners. Any corporation, association or organization whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any court of this state, except in a suit to forfeit the charter of such corporation, association or organization. In any suit against such corporation, association or organization on a cause of action arising before such forfeiture, no affirmative relief shall be granted to such corporation, association or organization unless its right to do business in this state shall be reinstated as provided herein. Every contract entered into by or in behalf of such corporation, association or organization, after such forfeiture as provided herein, is hereby declared to be voidable.

Oklahoma Tax Commission showing it had paid its franchise taxes. *Id.* The district court denied the motion to vacate, and the drilling company appealed. *Id.*

¶ 18 This Court reversed the judgment. We found: "[A suspended] corporation should be given a reasonable opportunity to pay its taxes, but if it does not do so at the first opportunity after the fact of its nonpayment has been raised in a lawsuit, its right to pay them should be deemed waived." *Id.* ¶ 20, 40 P.3d at 1056. "[A] corporation that does not pay its franchise taxes should not be allowed to continue to participate in a lawsuit indefinitely." *Id.*

¶ 19 In the present case, K.O.D. was suspended in June of 2000 for failing to pay its corporate franchise taxes. At least by September 26, 2012, K.O.D. was on notice that its suspension was an issue in this suit. Yet, K.O.D. has failed to provide any evidence that it has paid the back franchise taxes and has been reinstated. Certainly, a year is a reasonable time for K.O.D. to pay its franchise taxes and have the suspension lifted. Rather than pay its back franchise taxes and be reinstated, K.O.D. chose to argue that it could proceed with suit based on title 18, section 1099 of the Oklahoma Statutes, and the district court agreed.

¶ 20 Title 18, section 1099 allows an expired or dissolved corporation three years, or more at the discretion of the district court, after its expiration or dissolution to prosecute or defend law suits for the purpose of settling and closing their business. Section 1099 provides:

All corporations, whether they expire by their own limitation or are otherwise dissolved, nevertheless shall be continued, for the term of three (3) years from such expiration or dissolution or for such longer period as the district court shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities, and to distribute to their shareholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any action, suit, or proceeding begun by or against the corporation either prior to or within three (3) years after the date of its expiration or dissolution, the action shall not abate by reason of the expiration or dissolution of the corporation. The corporation, solely for the purpose of such action, suit or proceeding, shall be continued as a body corporate beyond the three-year period and until any judgments, orders or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the district court.

¶ 21 We cannot agree with K.O.D. and the district court that title 18, section 1099 has any application here. In *Williams,* 2009 OK 36, 212 P.3d 484, this Court explained that under title 68, subsection 1212(C) a corporate charter is suspended, not forfeited, cancelled, or dissolved. *Id.* ¶ 10, 212 P.3d at 486. A charter suspended under title 68 can be revived by the payment of the accrued fees, penalty, and reinstatement fees, and a showing of compliance with Oklahoma laws. *See* 68 O.S.2011, 1212(F). "The fact that a [suspended] corporation can be revived and reinstated reflects that it is not legally dead," as would be the case if it were dissolved. *Williams,* 2009 OK 36 at ¶ 10, 212 P.3d at 486.

¶ 22 Further, K.O.D.'s corporate charter does not provide for its expiration on a day certain or on occurrence of an event. Neither has K.O.D. made an argument that the charter is expired. In fact, K.O.D. never disputes that it was suspended in June of 2000. We find no evidence in the record that K.O.D.'s corporate charter has expired or has been dissolved.

¶ 23 In further support of title 18, section 1099's inapplicability here, the Oklahoma General Corporation Act (Corporation Act) applies to every corporation formed or qualified to transact business in Oklahoma. 18 O.S.2001, 1002. Any conflict between the Corporation Act and any tax laws of this state is controlled by the tax provisions. *Id.* § 1002(B). Because title 68, section 1212(C) provides that a suspended corporation forfeits it rights to sue or defend, construing

title 18, section 1099 as allowing a suspended corporation to sue would create a conflict between the Corporation Act and the tax laws. Under title 18, section 1002, the tax laws, here section 1212(C), govern and a suspended corporation does not have the legal right to sue or defend.

■ ¶ 24 We turn to K.O.D.'s argument that Moncrieff–Yeates did not timely raise the issue of K.O.D.'s suspension and, thus, waived the issue. K.O.D. failed to provide support for this argument, but we surmise that it was relying on title 12, section 2012(B) of the Oklahoma Statutes. Title 12, section 2012(B) of the Oklahoma Statutes requires that the defense of "lack of capacity of a party to be sued" must be asserted in the responsive pleading or in a "motion made before pleading if a further pleading is permitted." Since Moncrieff–Yeates did not raise the issue in his answer, we must examine title 12, section 2012(B) as it applies to title 68, section 1212(C) to determine whether Moncrieff–Yeates waived the issue of K.O.D.'s suspension.

■ ¶ 25 In construing statutes, we first determine legislative intent from the language of the statute. *W.R. Allison Enterprises, Inc. v. CompSource Okla.*, 2013 OK 24, ¶ 15, 301 P.3d 407, 411. We are also guided by the statute's purpose. *Manchester v. Arvest Bank*, 2012 OK 86, ¶ 10, 287 P.3d 986, 988. The crucial provision states: "Any corporation . . . whose right to do business shall be forfeited **shall be denied the right to sue or defend in any court of this state,** except in a suit to forfeit the charter of such corporation. . . ." 68 O.S.2011, 1212(C) (emphasis added). It is axiomatic that a corporation forfeiting the right to sue or defend cannot be granted affirmative relief. *Williams*, 2009 OK 36 at ¶ 14, 212 P.3d at 488. This provision is mandatory and is a directive to the court, not a defendant, to dismiss any action or suit in which a suspended corporation is the plaintiff. The clear language of title 68, section 1212(C) is indicative of the Legislature's intent that its penalties not be subject to the requirements of title 12, section 2012(B).

■ ¶ 26 A further indication that the Legislature did not intend that the penalties imposed on a suspended corporation be subject to a defendant's timely raising the issue is the purpose underlying the penalties. Franchise tax statutes are enacted for the purpose of raising revenue, *Williams*, 2009 OK 36 at ¶ 17, 212 P.3d at 489, and title 68, section 1212(C) was enacted to encourage corporations to pay franchise taxes by imposing penalties if they failed to do so. To allow a suspended corporation to avoid paying its taxes and still be able to bring suit merely because the defendant failed to timely raise the issue would allow a suspended corporation to avoid the penalties imposed on it by the Legislature.

¶ 27 Nothing in the statutory scheme for collecting franchise taxes even suggests the Legislature intended that the enforcement of the penalties imposed on a suspended corporation depend on a defendant's timing in notifying the court of the corporation's suspension. We will not construe title 12, section 2012(B) to allow a suspended corporation to avoid the penalties imposed for its failure to pay its franchise taxes merely because the issue was not raised by the defendant under the time line imposed by title 12, § 2012(B). To do so would defeat the clear language of and legislative intent underlying title 68, section 1212(C).[2]

## IV. WRIT OF MANDAMUS

¶ 28 A writ of mandamus may issue if the party seeking the writ has a clear legal right

**2.** Even though this is the first time that this Court has explicitly pronounced this rule, the Court of Civil Appeals reached the same result in *Century Investment Group, Inc. v. Bake Rite Foods, Inc.*, 2000 OK CIV APP 48, ¶ 4, 7 P.3d 510, 512, albeit, based on different reasoning. Then in *Corman v. H–30 Drilling, Inc.*, 2001 OK 92, 40 P.3d 1051, this Court did not require that the defendant raise the corporate-suspension issue in the answer or in a motion filed before the answer. The plaintiff in *Corman* raised the issue of the plaintiff corporation's suspension on the morning before trial and after two years of discovery. This Court did not find the motion should be denied because it did not comply with title 12, section 2012(B). Rather, this Court found that a suspended corporation should be allowed a reasonable time to pay its back taxes, and, if it fails to do so, its right to pay them and continue in the proceedings should be deemed waived.

to the relief sought, the respondent has a legal duty which does not entail the exercise of discretion, and there is no plain remedy at law. 12 O.S.2011, 1451, 1452. Here, Moncrieff–Yeates has a clear legal right not to defend a suit against a party that has forfeited its right to sue and over which the district court has no authority to grant affirmative relief. The district judge has a legal duty to dismiss a case once the judge becomes aware of a corporation's suspension and the corporation has not sought to be reinstated within a reasonable time. There is no plain remedy at law when the district court fails to fulfill this legal duty.

¶ 29 Therefore, we assume original jurisdiction and issue a writ of mandamus. The district court should have treated Moncrieff–Yeates' Motion to Vacate Void Judgment as a motion to dismiss for K.O.D.'s forfeiture of its right to sue and granted the motion. Thus, the district court is directed to vacate all orders previously entered, except the dismissal of Moncrieff–Yeates' counterclaim,[3] and dismiss the petition without prejudice to refiling and subject to K.O.D.'s reinstatement. To do otherwise would thwart the Legislature's clear mandate and the public policy that denies a suspended corporation the right to sue in a court of this state. 68 O.S.2011, 1212(C).

### V. SUMMARY

¶ 30 K.O.D. has had a reasonable time to pay its back franchise taxes, has failed to do so, and is now deemed to have waived the opportunity in this suit. Pursuant to title 68, subsection 1212(C), K.O.D. has forfeited its right continue in this suit against Moncrieff–Yeates or to defend against his motions. Thus, the district court should have dismissed the suit after Moncrieff–Yeates brought the issue to the district court's attention on September 26, 2012, and after K.O.D. did not take action to be reinstated within a reasonable time. Title 18, section 1099 is not an exception to title 68, section 1212(C) such that K.O.D. should be allowed to continue in

this suit as a suspended corporation. Title 12, section 2012(B) does not prevent the issue of a corporation's suspension being raised and considered at any time during the proceedings. By separate order, the petition in error was recast as an application to assume original jurisdiction and for a writ of mandamus, and the Clerk of the Supreme Court was directed to correct the style on this Court's docket. We assume original jurisdiction and issue a writ of mandamus directing the district court to vacate all orders, except the dismissal of Moncrieff–Yeates' counterclaim, and to dismiss the suit without prejudice to refiling and subject to K.O.D.'s reinstatement.

**ORIGINAL JURISDICTION ASSUMED; PETITION FOR WRIT OF MANDAMUS GRANTED.**

CONCUR: COLBERT, C.J.; REIF, V.C.J.; and KAUGER, EDMONDSON, TAYLOR, COMBS, and GURICH, JJ.

CONCUR IN RESULT: WATT and WINCHESTER, JJ.

---

**3.** Moncrieff–Yeates' counterclaim was filed some seven months after K.O.D.'s petition. Thus, the district court correctly ruled that it was not timely filed. *See* 12 O.S.2011, 2012. Further, to the

best of our reading of the counterclaim, all relief Moncrieff–Yeates requested is rendered moot by the decision we reach today.